## RUTHERFORD'S ADM'R *vs.* SMITH.

[SUMMARY PROCEEDING BY SURETY AGAINST ADMINISTRATOR OF DECEASED CO-SURETY.]

1. *Summary proceeding, if record show jurisdiction, like other suits.*—A statutory proceeding by notice and motion, on the part of a surety against his co-surety, if the defendant appears and pleads, and the issues are tried by a jury, is like any other case commenced in the ordinary mode, except that the record must show that the court had jurisdiction.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. ANDREW B. MOORE.

MOTION by John N. Smith for a statutory judgment against the appellant, as administrator *de bonis non* of William Rutherford, deceased, who was co-surety with said Smith on a note for $6,300 57, on which one William Bowen was principal, and on which a judgment was recovered against him and said Smith; which judgment Smith was compelled to pay, Bowen being insolvent, and Rutherford dead.

J. H. CAMPBELL, for the appellant.

GEO. W. STONE, *contra.*

RICE, J.—This is a summary proceeding, by one surety against a co-surety, under the act of 1821.—Clay's Dig. 531, § 4. The motion is in writing, and was duly served; and alleges all the facts which are necessary to give the Cir-

cuit Court jurisdiction, and to entitle the appellee to judgment against the appellant. This motion, and its service, constitute part of the record ; and upon it, issues appear to have been made up by the parties, and tried by a jury.

Although the proceeding is summary, yet, as the appellant (who was the defendant in the motion) appeared, and pleaded, and formed issues, which were tried by a jury, it is like any other case commenced in the ordinary mode, except that it must appear upon the record that the court had jurisdiction to entertain the motion.—Smith v. Br. Bk. Mobile, 5 Ala. R. 26; Curry v. Bank, 8 Porter's R. 372; Broughton v. Robinson, 11 Ala. R. 929.

A mere comparison of the motion with the statute, shows that the motion sets forth every fact necessary to give the court jurisdiction. As the jurisdiction of the court appears upon the record, and the jury found the issues for the appellee, and no exceptions were taken in the court below, there is nothing to warrant a reversal of the judgment.

Judgment affirmed.