# Shouse *v.* Lawrence.

*Motion for Summary Judgment against Sheriff and Sureties on Official Bond.*

1. *Discontinuance; waiver of.* — A subsequent appearance by the defendant, without objecting to an alleged discontinuance, is a waiver of it.

2. *When amendable defects are not available on error.* — Defects or irregularities, which, if objected to in the primary court, might have been remedied by amendment, are not available on error.

3. *Summary proceedings; presumptions in favor of.* — In summary proceedings by notice and motion, if the record shows that the court has jurisdiction, and that the parties appeared and joined issue, the same presumptions will be indulged in favor of the judgment as in actions commenced by summons and complaint.

APPEAL from the Circuit Court of Talladega.

The record does not show the name of the presiding judge.

In this case, as the record shows, a motion was entered on the docket of said circuit court on the 15th September, 1871, in the name of " Frederick N. Lawrence, as surviving assignee

[Shouse v. Lawrence.]

of W. G. Lane & Co.," for a summary judgment against F. M. Shouse, as sheriff of Talladega county, and the sureties on his official bond as sheriff, on account of the failure of the said sheriff to return an execution, which came to his hands as sheriff, and which was issued on a judgment for $3,749 rendered by said circuit court on the 9th October, 1867, in favor of Lewy M. Wiley and Frederick N. Lawrence, as assignees of W. G. Lane & Co., against Daniel Wallis, as survivor of D. & W. Wallis. The record does not show that the defendants had any notice of this motion, or that any action was taken on it at the September term, 1871; but, at the ensuing March term, 1872, as the minute-entry recites, the motion was continued " by consent of parties; " and at the September term, 1872, the following judgment was rendered: " This day came the parties, by their attorneys; and it appearing to the satisfaction of the court, neither party demanding a jury, th it at the spring term of this court, 1871, and while the defe ndant Shouse was the sheriff of Talladega county, and the other defendants," naming them, " were his securities, this motion was put upon the docket, and that it has been regularly continued up to this term of the court; and it further appearing to the satisfaction of the court, that on the 29th day of May, 1870, an execution was issued by the clerk of the circuit court of this county, on a judgment rendered in said court on the 10th day of October, 1867, at the suit of Wiley & Lawrence, trustees, v. Daniel Wallis, survivor, for the sum of $3,749.27, for the amount of said judgment, returnable to the fall term of this court, 1867; which execution, it appears, went into the hands of said Shouse, as sheriff as aforesaid; and it further appearing that said Shouse has failed to return the said execution, [and that] the other defendants continued as his securities up to the date of this default; it is therefore considered by the court, that the plaintiff recover of the defendants the sum of $749.80, together with the costs of this motion; for which let execution issue."

There is no bill of exceptions in the record. The errors assigned are: 1. The motion was discontinued. 2. There is a variance between the judgment described in the motion, and that recited in the judgment on the motion. 3. The court erred in rendering judgment without evidence that the execution went into the hands of the sheriff. 4. The court erred in rendering judgment without evidence that the execution went into the hands of the sheriff while it was in force.

JOHN T. HEFLIN, for appellants.

R. D. RUGELY, contra.

[Briggs v. Coleman.]

BRICKELL, J. — If, as insisted by the appellants, there was a discontinuance of the motion against them, by the appellee's failure to invoke any action upon it at the term of the court at which he had given notice it would be made, the discontinuance was waived by their subsequent appearance, without objection, at the succeeding term of the court, and consenting to a continuance. *Evans* v. *State Bank*, 13 Ala. 787.

The record discloses that the circuit court had jurisdiction of the motion. The appellants appeared, and waived a trial by jury, consenting that the judge should hear and render judgment on the evidence. All the objections now made to the judgment could have been cured in the circuit court by an amendment, if there presented. Of the right of amendment, the appellants deprived the appellee, by failing to interpose the objections now made. It is too late for them to urge these objections in this court. Such would unquestionably be true, if the suit had been in the ordinary mode, instead of summary by motion. In statutory proceedings, the rule is the same, when the record discloses jurisdiction, and the defendants appear and join issue with the plaintiff. Then, the proceeding is treated as if it had been commenced in the ordinary mode. *Smith* v. *Br. Bank Mobile*, 5 Ala. 26 ; *Rutherford* v. *Smith*, 27 Ala. 417. No formal issue appears from the record to have been formed ; but, on error, when the record shows that the parties appeared, and submitted the facts to a jury, the presumption is, that it was waived, or that there was a proper issue formed. The same presumption attaches when the court is the trier of the facts. *Smith* v. *Br. Bank Mobile*, *supra*.

There is no error in the record, and the judgment is affirmed.