## Ratliff v. Allgood.

*Motion for Summary Judgment by County Superintendent
of Education, against Tax-Collector and Sureties.*

1. *Summary judgment; recitals of record; waiver of irregularities.*
When a party resorts to a statutory and summary remedy, in derogation
of common-law principles and procedure, the record must affirmatively
show every fact necessary to bring the case within the statute, and a
strict conformity to its requirements in the mode of procedure; but, if
the defendants appear, and, without objection to the mode or form of
proceeding, submit the issues to the decision of the court and jury, irreg-
ularities in the proceedings are thereby waived; and the court having
jurisdiction of the subject-matter, and of the parties by their appearance,
such irregularities are not available on error.

APPEAL from Circuit Court of Blount.

Tried before the Hon. LEROY F. Box.

This was a motion by Stephen C. Allgood, as county super-
intendent of education of said county, against Jeremiah Rat-
liff, "late tax-collector of said county," and several other per-
sons, as sureties on his official bond as such collector, "for the
sum of $482.90, with interest thereon from the 1st day of May,
1880, and twenty per-cent. damages thereon, for the failure of
said Jeremiah Ratliff, tax-collector as aforesaid, to pay over to said
S. C. Allgood, as such county superintendent of education, on
the first day of May, 1880, or at any other time since then, all
the poll-tax collected by him which it was his duty to collect,
and which he could have collected by due diligence; said
$482.90 being the balance due from said Ratliff, as tax-collector,
on the poll-tax fund for Blount county for the year 1879, and
due for the scholastic year 1880." Notice of the motion was
issued on the 16th March, 1881, and was returned by the sher-
iff executed on all of the defendants on the 31st March. The
notice stated that the motion for a judgment would be made at
the next ensuing term of the Circuit Court, to be held on the
25th April, 1881; and that Richard F. Campbell, one of the
sureties on the bond, being dead, was not sued. The bond, a
copy of which was attached to the notice, was dated the 10th
September, 1878, approved September 13th, and recited that·

[Ratliff v. Allgood.]

said Ratliff "was, on the 6th day of August, 1877, duly elected tax-collector for said county;" and its condition was, that the said Ratliff "shall well and truly discharge the duties of said office, while he continues therein, or discharges any of the duties thereof." The motion was duly entered on the docket on the 25th April, 1881; and on a subsequent day of the term, as the minute-entry recites, "came the parties, and by agreement of the parties it is ordered by the court that this motion be continued."

At the next term, a judgment was rendered in the cause, as follows: "On this, the 29th October, 1881, come the parties by their attorneys, and the defendants withdraw their demurrer; and issues being joined on the plaintiff's motion, as specifically entered and set forth on pages 141-2 of the Motion Docket, thereupon came a jury," &c., "who, upon their oaths, do say, 'we, the jury, find the issues in favor of the plaintiff, and assess his damages at the sum of $370.21.' It is therefore considered by the court, that the plaintiff, Stephen C. Allgood, as county superintendent of Blount county, have and recover judgment against the defendants for the said sum of $370.21, damages by said jury so assessed, together with the costs in this behalf expended; for which let execution issue. And the plaintiff, in open court, agrees to a stay of execution on this judgment, until the first day of January, 1882." The defendants appeal from this judgment, and here assign it as error, not specifying any particular errors.

HAMILL & DICKINSON, for appellants.—The statute (Code, § 3397) is highly penal, and must be strictly construed; and the record must affirmatively show a compliance with all of its requirements.—*Enloe v. Reicke*, 56 Ala. 500; *Caldwell v. Dunklin*, 65 Ala. 461; *Ware v. Greene*, 37 Ala. 494. It authorizes a judgment against "a tax-collector and his sureties," "a county treasurer and his sureties," and a *former* county superintendent; but not against a *late* or *former* tax-collector, as Ratliff was. Nor does it authorize a judgment against some of the sureties only, though one be dead.— *Ware v. Greene*, 37 Ala. 494; *Collier v. Powell*, 23 Ala. 579. Nor can a summary proceeding be maintained on a bond like the one here set out, which was dated and approved in September, 1878, and recites an election on 6th August, 1877; there being no averments that it was ever delivered, or that Ratliff ever acted under it. *Sprowl v. Lawrence*, 33 Ala. 674.

WATTS & SONS, and J. G. WINTER, *contra*, cited *King v. Armstrong*, 14 Ala. 293; *Rutherford v. Smith*, 27 Ala. 417; *Ex parte Wilson*, 54 Ala. 296.

[Baker v. Keith.]

BRICKELL, C. J.—It is true, as insisted by the counsel for the appellants, that when parties pursue a statutory remedy, in its character summary, and in derogation of the mode of procedure at common law, there must be strict conformity to the statute, and the record should affirmatively disclose every fact necessary to entitle the party to the remedy—should disclose a case within the statute, and that the remedy is pursued by a party having the right, and against a party subject to it. Nor can such a remedy be extended by construction beyond the terms of the statute giving it. But, if the parties appear, and, without objection, proceed to a trial on the merits, before a court having jurisdiction of the subject-matter, all right to take advantage of the mode or form of proceeding is waived.—*Curry v. Bank*, 8 Port. 360; *Smith v. Bank*, 5 Ala. 26; *Broughton v. Robinson*, 11 Ala. 929; *King v. Armstrong*, 14 Ala. 293; *Rutherford v. Smith*, 27 Ala. 417.

The appellants, who were defendants in the court below, appeared in obedience to the notice that judgment against them would be moved for, and, without any objection to the mode or form of the proceeding, pleaded to the merits; and the issues were tried by a jury, upon whose verdict the judgment was rendered. The jurisdiction of the court, of the subject-matter of suit, is apparent, and is not disputed. The objections now interposed to the regularity of the proceedings, if of any force, the appellants voluntarily waived, and they furnish no warrant for a reversal of the judgment.

Affirmed.