# Stamphill *v.* Franklin County.

*Motion for Summary Judgment, against Tax-Collector and Sureties.*

1. *Who is proper party plaintiff.*—By the express provisions of the statute (Code, 1876, § 3396), a motion for a summary judgment against a tax-collector and his sureties, for moneys of the county collected or received and not paid over to the county treasurer, may be made in the name of the county, and is not required to be in the name of the treasurer.

2. *Where motion must be made; appearance as waiver.*—The motion is required to be made in the Circuit Court of the county in which the defendants reside; but, if the defendants appear, and suffer judgment by *nil dicit*, it is not necessary that the record should affirmatively show their residence in the county.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. SPEAKE.

BRICKELL, SEMPLE & GUNTER, for appellant.

THOS. N. McCLELLAN, Attorney-General, *contra.*

CLOPTON, J.—This is a summary proceeding instituted in 1884, in the name of the county, against a defaulting tax-collector and the sureties on his official bond. The proceeding, being statutory and summary, in derogation of the common-law mode of procedure, must conform strictly to the statute, and the record must affirmatively disclose that the party pursuing is entitled to the remedy, and that the party against whom it is instituted is subject to it—a case within the statute. Two objections are urged to the proceeding: first, that it should have been instituted in the name of the county treasurer, who alone is authorized to receive the county funds; secondly, that the record does not disclose that the motion is made in the Circuit Court of the county in which the persons moved against reside.

The first objection is met by the express provision of the statute, which declares: "If any tax-collector fails to pay to the county treasurer, within the time prescribed by law, or, in case no time is fixed, on demand of such treasurer, any money he has collected or received for the county, judgment

[Coleman v. Pike County.]

may be recovered against such officer and his sureties, or any or either of them, having ten days notice, by motion in the Circuit Court, in the *name of the county* of such treasurer." Code, 1876, § 3396. The motion was made, and the judgment recovered in the name of the county of the treasurer, to whom it was the duty of the collector to pay the money collected or received by him for the county. The proceeding is in strict compliance with the statute in this respect.

It is unnecessary, and we shall not decide, whether the record should affirmatively show, as a jurisdictional fact, that the motion is made in the Circuit Court of the county in which the defendants reside, or whether the fact sufficiently appears, without a distinct averment, when the proceeding is against the tax-collector of a particular county. It may be conceded that the motion was subject to demurrer, and that the omission to show the residence of the defendants is a reversible error on appeal. The irregularity, if it be one, is waived by the appearance of defendants. The judgment-entry recites, that the parties came by their attorneys, and that the defendants, *eo nomine,* against whom a judgment is rendered, said nothing in bar, or preclusion of the plaintiff's right of recovery. Appearance gave the court jurisdiction of the persons. The parties having appeared, on notice, before a court having jurisdiction of the subject-matter, and interposing no objection to the failure to state their residence—declining to plead—the court obtained jurisdiction over them, as fully as if there had been no such omission in the motion. *Ratcliffe v. Allgood,* 72 Ala. 119; *Morgan v. Farned,* 83 Ala. 367.

Affirmed.