# McGraw *v.* County Commissioners of Greene.

*Certiorari to County Commissioners, in matter of Establishing Stock District.*

1.  *Local statute authorizing establishment by County Commissioners of Greene, of district in which stock shall not run at large; constitutionality of.* The local statute approved February 17th, 1885, entitled "An act to authorize the Commissioners Court of Greene county to establish districts in which stock may be prevented from running at large" (Sess. Acts

1884-5, pp. 580-83), which authorizes said court, on petition filed, publication of notice, and opportunity to contest, to make an order establishing such district as described, "if satisfied that a majority of land-owners or freeholders who reside in and own land situated in said proposed district, and who are over the age of twenty-one years, are in favor of said district being established," is not an unauthorized delegation of legislative authority to the commissioners, nor otherwise objectionable on constitutional grounds.

2. *Same; who are resident "land-owners and freeholders."*—In ascertaining the sense or wishes of the "land-owners and freeholders" resident in the proposed district, under the provisions of said local statute, the court below rightly refused to count or consider persons to whom, after the filing of the petition, the contestants conveyed small fractions of land solely for the purpose of enabling them to join in the contest.

3. *Same; waiver of amendable defects in petition.*—If it was necessary that the petition asking the establishment of such district, under the provisions of said local statute, should allege or show that the proposed district "is not embraced in the territory composing the 'no fence' or 'stock-law district,' as now established," objection on account of the defect can not be raised for the first time in this court on appeal, when the court can see that the defect, if objected to in the Commissioners Court, might have been remedied by amendment.

APPEAL from an order of Hon. S. H. SPROTT, presiding judge of the sixth judicial circuit, which includes the county of Greene, refusing to grant a *certiorari* to revise and review the proceedings of the Commissioners Court, or County Commissioners of said county, establishing a district in which stock shall not be permitted to run at large, under the provisions of the local statute approved February 17, 1885. Sess. Acts 1884-5, pp. 580-83.

A certified copy of the proceedings had in the Commissioners Court, in regard to the establishment of the proposed district, was made an exhibit to the petition for a *certiorari*, showing these facts: On the 10th January, 1889, a petition was filed in the office of the probate judge, addressed to the Commissioners Court of Greene county, asking the establishment of a district in which stock should not be permitted to run at large, under the provisions of the act above cited. The petition stated the boundaries of the proposed district, and was signed by twelve persons, who were therein described as "freeholders residing in said county and in the district" proposed to be established. The hearing of the petition was set for the 11th February, 1889, and notice of it was published, by insertion in a weekly newspaper published in the county, and by posting notices, for thirty days, at the office of the probate judge, and at three public places within the proposed district. The hearing was continued, from term to term, until November, 1889, when the court made an order establishing the district as proposed. This

order, or decree, recites the filing of the petition, the publication of notice, the continuances, &c., and then proceeds: "The court is satisfied from the evidence that the following persons, who reside in said district, are over twenty-one years, and are *bona fide* land-owners or freeholders, owning land in said proposed district when said petition was filed, and also at the present time," naming the twelve petitioners, "are in favor of the establishment of said district, and are the only parties owning land in said district, except as hereinafter shown; and that the following persons," naming eight, "who are over the age of twenty-one years, reside in said district, and were at the filing of said petition, and are now, *bona fide* land-owners or freeholders, owning land in said proposed district, are opposed to the establishment of said proposed district." The order, or decree, then recites that the contestants introduced one Lamb as a witness, who testified that, after the filing of the petition in this case, he had conveyed by deed small fractions of land in the proposed district to fifteen persons, whom he named, one or two acres to each; that they resided in the district when the petition was filed, but then owned no land; and that he made the several conveyances to them in order that they might join in the contest, they being opposed to the establishment of the proposed district. The same proof was made as to conveyances by other persons, one of whom was one of the petitioners for the establishment of the district. "But the court decided and declared, that said parties were not, within the meaning of the law, *bona fide* land-owners or freeholders in this particular regard, and they were not estimated or regarded as such; and the court, being satisfied from the evidence that a majority of the actual land-owners and freeholders in said district, as contemplated by the legislature in passing said statute, are in favor of the establishment of such district, the same is hereby declared to be a district in which stock shall not be permitted to run at large," describing its boundaries.

The petition for a *certiorari* was sued out in the names of C. P. McGraw and others, whose names as contestants were discarded by the Commissioners Court; and assailed the validity of the proceedings, (1) because their names were so discarded and rejected; and (2) because the said local statute was unconstitutional. The constitutional objections to the statute, as speciffed in the petition, were: (1) "that the General Assembly alone can pass laws under which local

[McGraw v. County Commissioners of Greene.]

and private interests shall be provided for and protected;"
(2) "that the General Assembly could not delegate its leg-
islative power to said court of County Commissioners;"
(3) "that said statute is unconstitutional, because it con-
tains more than one subject, and is not clearly expressed in
its title."

Judge Sprott refused to grant a *certiorari*, and his refusal
is here assigned as error, the appeal being sued out under
Code, § 3616.

GREENE B. MOBLEY, for appellants.

JUDGE & DEGRAFFENREID, *contra*.

STONE, C. J.—We concur with Hon. S. H. SPROTT in
holding that petitioners—appellants—are not entitled to a
writ of *certiorari* in this case. The act under which the
proceedings were had, approved February 17, 1885—Sess.
Acts, 580—is clearly constitutional.—*Stanfil v. Court of
County Revenue*, 80 Ala. 287. And we think the court of
County Commissioners of Greene, in ascertaining the sense
or wish of the freeholders of the district in which it was
proposed to prohibit stock from running at large, rightly re-
fused to count or consider as freeholders those persons to
whom an inconsiderable fraction of land had been conveyed,
solely for the purpose of enabling them to vote, or express
their desire in the matter of establishing such district. The
sense of the law is, that only resident freeholders in fact,
not in name, shall have a voice in determining the issue, as
is clearly manifest in every aspect of the statute, express or
implied. In the sense in which the commissioners intended
to be understood, there can be no substantial difference be-
tween freeholders and *bona fide* freeholders.

In the petition which was filed in this case, to establish
"a district wherein stock may not be allowed to run at large,"
it is not averred that the proposed district is "not embraced
in the territory composing the 'no fence' or 'stock law' dis-
trict, as now established." It is urged before us, that for
this omission the petition is fatally defective, and fails to
make a case of which the court of County Commissioners
could take jurisdiction. We need not decide, and do not
intimate what would be our ruling, if this question had been
raised before the commissioners, where the petition could,
and doubtless would have been amended. We say it would

[McLane v. McTighe.]

have been amended, because, looking at the statute "to prevent the running at large of stock in certain portions of Greene County," approved February 4, 1885—Sess. Acts, 300—we discover that the district embraced in these proceedings is not within that part of Greene county to which that statute is applicable. When the petition in this case was filed, notice was properly given, and the freeholders opposed to the establishment of the proposed district made vigorous defense against its establishment. They voted all the strength they could muster, and attempted to increase their strength by unauthorized means. Yet they raised no objection to the sufficiency of the petition. Further, when they applied for *certiorari* in this case, the defect now insisted on was not made a ground for the relief prayed for. Nor does it appear ever to have been claimed or relied on, until the argument was filed in this court. If there ever was anything in the objection, the petitioners for *certiorari* have waived it.—*Ratcliff v. Allgood*, 72 Ala. 119, and authorities cited.

There is nothing in the other objections urged by appellants, and we approve Judge Sprott's ruling in refusing the writ of *certiorari*.

Affirmed.