## UNITED STATES *v.* INGATE.[1]

### (*Circuit Court, S. D. Alabama.* July 28, 1891.)

1. ACTION BY UNITED STATES—LACHES.
   When the United States voluntarily appear in a court of justice, they at the same time submit to the law, and place themselves upon an equality with other litigants; but this does not apply to such defenses as laches and the statute of limitations.

2. SIMPLE CONTRACT CREDITOR.
   A simple contract creditor, or creditor at large, is one whose claim is not reduced to judgment, or secured by a lien created either by contract or law.

3. EQUITY JURISDICTION.
   A court of equity interferes to aid the enforcement of a remedy at law only when there is a debt acknowledged or established by judgment, and also an interest in the debtor's property or lien thereon created by contract or law.

4. JUDGMENT IN FEDERAL COURT—EFFECT.
   A judgment in one district has no force in another, except, perhaps, as evidence.

5. JUDGMENT AGAINST DEFAULTING COLLECTOR—LIABILITY OF SURETIES.
   A judgment against a collector of internal revenue for a default does not bind the sureties on his bond.

6. COLLECTORS OF INTERNAL REVENUE—LIEN OF BOND.
   No federal statute creates a lien on the property of a collector of internal revenue or his sureties from the execution of the bond or default thereunder.

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

**7. EQUITY JURISDICTION.**
    An equitable right created by state statute may be enforced in the federal courts, unless it is so blended with other matters as to violate the constitutional right of a defendant in the federal courts to have determined by a jury any question cognizable at common law.

**8. SAME—SETTING ASIDE FRAUDULENT CONVEYANCE.**
    A suit in equity under Code Ala. § 3544, by a simple contract creditor to establish a debt, set aside fraudulent conveyances, and condemn the property to payment of his debt, cannot be maintained in the federal courts, because a defendant there has the right to have any matter of debt, exceeding $20, tried by a jury.

**9. FEDERAL PRACTICE—LAW AND EQUITY.**
    Under the United States statutes, there is in the federal courts an entire separation of proceedings at law from those for equitable relief.

**10. EQUITY JURISDICTION—DEFAULTING OFFICIALS—SUMMARY PROCEEDINGS.**
    While there are statutes providing for summary proceedings against defaulting federal officials, the remedies are all by action at law, and cannot be invoked on the equity side of the federal courts.

**11. SAME.**
    Summary judgment under Rev. St. § 957, against a delinquent for public money, may be granted on motion at the return-term of an action of debt on his bond or of *assumpsit* on his accounts, but not on a bill in equity for equitable relief.

In Equity.   Bill for discovery and to set aside fraudulent conveyances.

*M. D. Wickersham*, U. S. Dist. Atty., claimed in his argument that complainant was a contract creditor, or creditor at large, and as such "shall have an equal right, with a creditor having a lien through the aid of a court of equity, to reach property, subject to the payment of debts which have been fraudulently transferred." Code Ala. 1886, §§ 3544, 3545.  *Lehman* v. *Meyer*, 67 Ala. 396; *Evans* v. *Welch*, 63 Ala. 256.   The bill under consideration meets, in its form, the requirement of the statute.   Fraud need not be alleged, nor the concealment of property or effects, with the intention to hinder and delay complainant or other creditors in the collection of their debts, if the same be clearly intimated by the scope and purpose of the bill.  *Brown* v. *Bates*, 10 Ala. 438, 439; *Miller* v. *Lehman*, 87 Ala. 518, 6 South. Rep. 361.   The supreme court of Alabama in many decisions have upheld this law, uniformly, from 1860 to the present day.  *Railway Co.* v. *McKenzie*, 85 Ala. 550, 5 South. Rep. 322.   Judicial expositions of state laws by the highest state tribunals will be respected and followed by the federal courts.   They fix the rule of property, and regulate all transactions that come within its scope.  *Green* v. *Neal's Lessee*, 6 Pet. 291.   These expositions constitute the law.   Id.; Rev. St. § 721.   Complainant being a contract creditor, with or without a lien, is properly in a federal court in Alabama sitting in equity, and may seek here a discovery of property, money, or effects liable to the payment of its demand.

*R. P. Deshon* and *E. L. Russell*, for defendant.

TOULMIN, J.   The main object of the bill in this case is a discovery and to set aside alleged fraudulent conveyances.   The bill shows that some time in the year 1866 one Sheppard was appointed collector of the internal revenue in the state of Mississippi, and that he, with the defendant, Frederick Ingate, and others, as his sureties, executed his official bond prescribed by law; that some time in the year 1869 said Sheppard committed a breach of his bond, and became a defaulter to the govern-

ment in a sum at least equal to the amount of the bond, $50,000; and that no part of said default has been paid. The bill avers that the defendant, Frederick Ingate, has no visible property to satisfy complainants' demand, yet is possessed of ample means, but that he has, from time to time, by fraudulent conveyances and transfers, so disposed of his property as to conceal the same from complainants, and to hinder, delay, and defraud them in the collection of their debt. The bill asks to have the alleged fraudulent conveyances set aside and annulled; seeks a discovery and an accounting for the income, profits, and proceeds of the property so conveyed and transferred, and to have said proceeds paid into the registry of the court to satisfy the alleged default; also a writ of injunction and the appointment of a receiver.

There is a demurrer to the bill, and many grounds of demurrer assigned, but the first two grounds and the argument thereon present the only question necessary to be decided now, and that is, whether a suit of this kind can be maintained in the courts of the United States. This question involves an answer to two other questions: (1) Whether the United States, when they become a party to a suit in the courts, and voluntarily submit their rights to judicial determination, are bound by the same principles that govern individuals,—whether, as in this case, they must come into a court of equity like other suitors seeking relief; and (2) whether the United States, as shown by the bill, are simple contract creditors or creditors at large (for so they are indifferently termed) of the defendant, Frederick Ingate. If these questions be decided in the affirmative, this cause is to be determined against the complainants on the authority of *Scott* v. *Neely*, 140 U. S. 106, 11 Sup. Ct. Rep. 712.

It is well settled that, "when the United States voluntarily appear in a court of justice, they, at the same time, voluntarily submit to the law, and place themselves upon an equality with other litigants." *U. S.* v. *Beebee*, 17 Fed. Rep. 40; *U. S.* v. *Barker*, 12 Wheat. 559; *Mitchel* v. *U. S.*, 9 Pet. 743; *Brent* v. *U. S.*, 10 Pet. 615. "The principles which govern inquiries as to the conduct of individuals in respect to their contracts are equally applicable where the United States are a party." *U. S.* v. *Smith*, 94 U. S. 217. In *Brent* v. *Bank*, 10 Pet. 615, the court declares that there is no reason why the United States should be exempted from a fundamental rule of equity subject to which their courts administer their remedy. In 18 Fed. Rep. 278, in the case of *U. S.* v. *Coal, etc., Co.*, the court says:

"It is true, as a general proposition, that when the government becomes a party to a suit in its own courts, it stands upon the same footing with individuals, and must submit to the law as it is administered between man and man. But this general rule has its limitations, in that neither the defense of the statute of limitations nor that of laches can be pleaded against the United States."

These authorities, it seems to me, answer the first question we have been considering in the affirmative.

2. Are the complainants simple contract creditors or creditors at large? One who has a right, claim, or demand founded on contract, whether

contingent or absolute, is a contract creditor; and a simple contract creditor, or creditor at large, (using the terms indifferently,) is one who has not reduced his demand to judgment at law, or who has not acquired or does not possess a lien for the enforcement of such demand, (*Evans* v. *Welch*, 63 Ala. 256; *Lehman* v. *Meyer*, 67 Ala. 396; *Anderson* v. *Anderson*, 64 Ala. 405;) or, in other words, a simple contract creditor, or creditor at large, is one who has not established his debt by a judgment rendered, or has not an acknowledged debt with an interest in the property of the debtor, or a lien thereon created by contract, or by some distinct legal proceeding, or by law, (*Scott* v. *Neely*, *supra*; *Smith* v. *Railroad Co.*, 99 U. S. 398.)

But it is conceded by the United States attorney that complainants are contract creditors, or creditors at large. See his brief and argument. In the case of *Scott* v. *Neely*, *supra*, the supreme court say:

"In all cases where a court of equity interferes to aid the enforcement of a remedy at law, there must be an acknowledged debt, or one established by a judgment rendered, accompanied by a right to the appropriation of the property of the debtor for its payment; or, to speak with greater accuracy, there must be, in addition to such acknowledged or established debt, an interest in the property or a lien thereon created by contract or by some legal proceeding."

See, also, Fost. Fed. Pr. pp. 15, 18; *Welser* v. *Seligman*, 13 Fed. Rep. 415; *Claflin* v. *McDermott*, 12 Fed. Rep. 375.

It appears that there has been no judgment rendered against defendant, Frederick Ingate, to establish a debt on the demand arising out of the alleged default on Sheppard's bond. None is averred in the bill, and there is no averment of an acknowledged debt, accompanied by a right to the appropriation of the property of said defendant for its payment. There is no averment of an acknowledged or established debt with an interest in said property, or a lien thereon created by contract, or by any distinct legal proceeding. None is claimed in the bill, and none can be claimed on the averments of the bill. There is a suggestion in the bill that a judgment was rendered in the district court of the United States for the northern district of Mississippi against said Sheppard some time in June, 1873, ascertaining and determining his delinquency. But it does not appear that said Frederick Ingate was a party to said judgment, or is in any wise bound by it. Any such judgment, however, would have no force and operation here, except, perhaps, for the purposes of evidence. *Claflin* v. *McDermott*, 12 Fed. Rep. 375; *Welser* v. *Seligman*, 13 Fed. Rep. 415.

I have found no statute of the United States, and none has been called to my attention, creating a lien on the property of a collector of internal revenue and of his sureties from the execution of his official bond or from the date of any default thereon. There are statutes giving extraordinary and summary remedies for collecting any debt or claim that might arise from such default, and the courts say that necessity has forced a distinction between such claims and others, and it is for this reason that these extraordinary remedies have been provided. The contention of the

United States attorney is that, when the defendant, Ingate, signed Sheppard's bond, he did so in contemplation of the statutes providing for these extraordinary remedies, and "thus," he says, "consented to the government's employing the remedies therein provided for collecting any debt to it arising from Sheppard's default." This is true, and Ingate was liable to be proceeded against in the way pointed out by the statute. But it does not appear that any of these remedies have ever been resorted to. Certainly no such remedies are or can be pursued in this bill in equity, and no reference is made to them in the bill. Section 3638, Rev. St., provides that, notwithstanding the summary remedy authorized and provided for by statute, still the right of the United States to pursue any other remedy authorized by law for the recovery of debts or demands is reserved to them. The United States attorney in his argument, however, contends that this bill in equity is a statutory proceeding, and refers to the statutes prescribing speedy modes of procedure in such cases, particularly to sections 3625, 3633, Rev. St.; and also to section 957. Now, section 3625 provides for a distress warrant under certain circumstances to be issued by the solicitor of the treasury against a delinquent officer and his sureties, and the following sections provide for the execution of such warrants by levy, etc., and for a lien from date of levy and record thereon. The court is not advised that any such proceeding was ever had against Sheppard and defendant, Ingate, as his surety. There is no averment in the bill that any such proceeding and lien was ever had and acquired. Summary proceedings, being statutory, in derogation of the common-law mode of procedure, must conform strictly to the statute, and the record must affirmatively disclose a compliance with the requisitions of the statute. *Stamphill* v. *Franklin Co.,* 86 Ala. 392, 5 South. Rep. 487; *Ware* v. *Greene,* 37 Ala. 494; *Connolly* v. *Railroad Co.,* 29 Ala. 373; 7 Lawson, Rights, Rem. & Pr. § 3777.

The United States attorney, on the argument in this cause, presents to the court a motion for a summary judgment against the defendant, Frederick Ingate, and insists that it is the duty of the court to grant judgment against him upon such motion, and invokes section 957, Rev. St., to sustain him in this contention. That section, in substance, provides that, when suit is brought against any delinquent for public money, judgment may be granted at the return-term on motion. That section can have no application to a suit like that now before the court. The suit contemplated by the statute is such suit as may be properly brought against any delinquent for public money, whether it be a suit on his bond, or for a balance found due on an adjustment of his accounts with the proper officers of the treasury department. If it is a suit on the bond, it would be an action of debt, and, if a suit for a balance found due on an adjustment of his accounts, it would be an action of *assumpsit.* In either case, it would be an action at law, and could be brought only on the law side of the court. "Under the statute of the United States, an entire separation of proceedings at law from those for equitable relief is required in the federal courts." *Scott* v. *Neely, supra.* But it is apparent by the bill in this case that the complainants are pursuing a remedy

other than that authorized by the statutes of the United States,—a remedy afforded by the statute of the state of Alabama, which the supreme court of the United States has said can have no application in the federal courts.   I do not think that there is any distinction between the case at bar and the case of *Scott* v. *Neely*, so far as the general principles governing the two cases are concerned; and my opinion, therefore, is that this case is controlled by the decision in that.   It follows from the views expressed that this court cannot take jurisdiction of this suit, (as was said by Mr. Justice FIELD in *Scott* v. *Neely*,) "in which a claim properly cognizable only at law is united in the same pleadings with a claim for equitable relief."   The motion for judgment is denied, and the bill is dismissed, but without prejudice to an action at law for the demand claimed, and it is so ordered.