# Macdonald v. The State.

*Proceedings for Summary Judgment Against Attorney.*

1. *Summary proceedings against attorney; jurisdiction of City Court of Montgomery.*—Under the provisions of sections 4 and 9 of the act establishing the City Court of Montgomery, said City Court has the special jurisdiction of the circuit court of summary proceedings authorized by chapter 106 of the Code.

2. *Summary proceedings against attorney; when jurisdiction conferred.*—Where a written notice is given to an attorney that a motion will be made in the then pending term of the City Court of Montgomery for a summary judgment against him, based upon his failure to pay over money collected by him as attorney, after demand being made upon him therefor, and a motion is then made in the City Court of Montgomery for such summary judgment, in which motion it is stated as grounds therefor that the said attorney failed to pay over, upon demand, money collected by him as attorney, there are shown such facts as give the City Court jurisdiction of the subject matter involved for the purpose of a summary judgment.

[Macdonald v. The State.]

3. *Same; when unnecessary to prove residence of attorney.*—In such a proceeding, where, after the filing of the motion, the attorney appears by counsel and moves to dismiss the proceeding, and then demurs to the motion, and subsequently files pleas attempting to set up a defense, there is obviated the necessity of proving that the respondent is a resident of Montgomery County, and it then becomes unnecessary for the record of the City Court to affirmatively show the jurisdictional facts further than those incorporated in the motion, which is made a part of the record.

4. *Same; in what amount demand should be made.*—In a summary proceeding against an attorney for a judgment for money collected by him, which he has failed to pay over to his client, the demand provided for in the statute should, or at least may, be in all cases for the gross sum collected by the attorney; and this is true, notwithstanding the attorney may have been entitled, on a settlement, to retain some part of the fund as compensation for his services.

5. *Same; set-off not pleadable.*—In such a proceeding, there is no such thing as a plea of set-off in defense of the motion against a defaulting attorney.

6. *Same; attorney has no right to retain any part of the money collected as compensation.*—In such a proceeding, where it is shown that the attorney, proceeded against, collected money upon a judgment, and, upon demand of his client, failed to pay the same over to him, as a condition precedent to the attorney claiming a part of the money so collected as compensation for services, he must pay the money into court; and, upon his failure to pay the whole sum collected by him into court, he is not entitled even to have the recovery against him abated by the amount of his compensation. (Tyson and Dowdell, J. J., dissenting.)

APPEAL from the City Court of Montgomery.

Heard before the Hon. A. D. SAYRE.

The proceedings in this case were had by the State of Alabama against the appellant, Gordon Macdonald, for the purpose of obtaining a summary judgment against him. These proceedings were commenced by the State through the Solicitor of Montgomery County and the Attorney General serving upon the said Macdonald notice that they would, during the then pending term of the City Court of Montgomery, make a motion for a summary judgment against him for the sum of $7,750,

and in this notice it was recited that the ground, upon which they would move for such summary judgment, was that the said Macdonald, as the attorney of the State of Alabama in a suit by the State against Mrs. Louisa Kidd, in which the State recovered a judgment, received in satisfaction or payment of said judgment the sum of $7,750 as attorney for the State, and, upon the demand made upon him by the State, had refused to pay over said amount.

After the giving of this notice, a motion was made in favor of the State in the City Court of Montgomery, asking for a summary judgment against the said Macdonald, the grounds of said motion being the same as contained in the notice served upon the said Macdonald, and hereinabove set forth.

Upon the filing of this motion in the City Court of Montgomery, the said Macdonald, by his attorneys, appeared and made a motion to dismiss the proceedings, upon the grounds that the City Court of Montgomery was without jurisdiction and that only a circuit court of the State had jurisdiction to try said cause. This motion was overruled. Thereupon, the defendant demurred to the motion filed against him, upon the grounds that it appeared from the said motion and the written notice served upon him that the plaintiff demanded of the defendant the entire amount of the money collected on the judgment obtained by him as attorney for the State, when, as a matter of law, defendant was entitled to retain out of the proceeds of said judgment his fee for professional services. This demurrer was overruled.

Thereupon, the defendant filed the plea of the general issue and several special pleas. By the first special plea, the defendant set up an indebtedness of the State to him in the sum of $4,500 for professional services rendered in obtaining said judgment, and pleaded said indebtedness as a set-off against plaintiff's demand to the extent thereof. By the other special plea, the defendant set up that he was regularly employed as an attorney for the State of Alabama in the suit brought against Mrs. Louisa Kidd, individually and as executrix of the estate of Tulane, deceased; that, in accordance with said employ-

ment, he had prosecuted the suit to a successful termination, had recovered for the State a judgment upon which he had collected the sum of $7,750, and that under his employment he was entitled to retain from said amount the sum of $4,250, his fee for services rendered; that he had retained this amount and had paid the balance to the State.

To the plea of set-off the plaintiff demurred, upon the ground that the plea of set-off could not be maintained against the demand of the plaintiff. To the other special pleas of the defendant the plaintiff demurred, upon the grounds that it was not shown by the averments of said pleas. that there was a valid contract existing between the defendant and the State for the payment to the defendant of the fee claimed, and that in this proceeding the defendant had no right to retain the fee before paying over the whole amount collected by him. These demurrers were sustained.

Upon the trial of the case, it was shown that the defendant had been employed by the State of Alabama to collect taxes claimed to be due from the estate of one Tulane, deceased, to the State; that the collection of said taxes was brought about at the instance of the back tax commissioner; that the defendant prosecuted the suit, or suits, in behalf of the State, and recovered a judgment in behalf of the State, upon which judgment the sum of $7,750 had been paid to the defendant for the State. The State offered to introduce in evidence a written demand made by the back tax commissioner upon the defendant for the payment of the whole amount so collected upon said judgment. The defendant objected to the introduction of this written demand, upon the grounds that the back tax commissioner had no authority to make the same and that the defendant was under no obligation to pay said amount to the back tax commissioner. The court overruled this objection, and the defendant duly excepted. The State also proved that the Attorney General of the State had made a written demand upon the defendant for the payment by him of the whole amount collected by him upon said judgment, and that the defendant had failed to pay said amount to the

State.  It was shown that the money involved was collected by the defendant in the latter part of the year 1902, or the early part of the year 1903, and that demands were made upon the defendant, for the payment of the whole amount paid over to him, in April and May of the year 1903.

The defendant offered to introduce testimony to show that he had retained out of the judgment collection the sum of $4,250 as his fees for prosecuting said suits, and that such amount was a reasonable fee for the services rendered.  Upon the objection on the part of the State to the introduction of such evidence, the court refused to allow it and excluded the same, and to each of said rulings the defendant separately excepted.  Upon the introduction of all of the evidence, the court, at the request of the State, gave to the jury the general affirmative charge in its favor; and, to the giving of this charge, the defendant duly excepted.  The defendant also excepted to the court's refusal to give the general affirmative charge requested by him.  There were verdict and judgment in favor of the State.  The defendant appealed, and assigned as error the rulings of the court upon the pleadings and the several rulings of the trial court, to which exceptions were reserved.

GRAHAM & STEINER, HILL & HILL and MARKS & SAYRE, for appellant.—Any person, whether it be individual, corporation or commonwealth, which undertakes to pursue a strict statutory remedy, must be bound by the terms of the statute.  It is a fact that this particular remedy is a purely statutory one, and, as such, must be strictly construed.—*Logwood v. Planters Bank*, Minor 23; *Caldwell v. Green*, 54 Ala. 64; *Enloe v. Reike*, 56 Ala. 500; *Chandler v. Francis, etc. Co.*, 94 Ala. 233.

So strict is the construction of such statutory proceedings, as showing that the jurisdiction thereof is purely statutory and can only be exercised by the particular court and in the particular manner indicated by the statute, that our Supreme Court requires in such cases

that the judgment entry must show every jurisdictional fact necessary to give the court jurisdiction; in other words, the court trying such cases does not proceed as a court of general jurisdiction, but of special statutory jurisdiction, as pointed out in those statutes.—*Curry v. Branch Bank of Mobile,* 8 Porter 360; *Clements v. Branch Bank,* 1 Ala. 50; *Bondurant v. Woods,* 1 Ala. 543; *Warwick v. Woods,* 70 Ala. 411; *Chandler v. Francis, etc. Co.,* 94 Ala. 233.

· It has been the law for years, in all jurisdictions whose opinions we have examined, that, if no dishonesty appears in the attorney defending such a summary proceeding as this, and none was charged or proven in this case, the movant in such a proceeding will be put to his ordinary action for money had and received.—*In re Paschal,* 10 Wallace (77 U. S.) 482; *Bowling Green Savings Bank v. Todd,* 54 N. Y. 489; *Kuhne v. Dailey,* 23 Hun. 282; *Texas v. White,* 10 Wallace 283; 3 Ency. Pleading and Practice, and authorities cited, Note I, bottom page 110.

The Court has repeatedly decided that the remedies grantable by these statutes are only allowed in strict conformity to the terms of the statutes.—*Logwood v. Planters Bank,* Minor 23; *Caldwell v. Guinn,* 54 Ala. 64; *Enloc v. Reike,* 56 Ala. 500; *Chandler v. Francis,* 94 Ala. 233.

, The motion failed to show the jurisdictional facts; 1st, that appellant was a resident of Montgomery County, or 2d, that he had no known place of residence in this State. Not a statement in the bill of exceptions shows it. There is scarcely any use of citing authorities to this proposition; it is the universal rule. Speaking to these particular statutes, this Court has said: "The judgment entry must show every fact necessary to give the court jurisdiction."—*Yancey v. Hawkins,* Minor 171; *Curry v. Bank of Mobile,* 8 Porter 360; *Clements v. Br. Bank,* 1 Ala. 50; *Bondurant v. Woods, Ib.* 543; *Brown v. Wheeler,* 3 Ala. 287; *Arthur v. State,* 22 Ala. 61.

McCLELLAN, C. J.—Motion in city court of Montgomery by the State of Alabama against McDonald for summary judgment, under §§ 3763-7, 3810-11 of the Code, for failing to pay over money collected by the respondent as an attorney at law for the State. Assuming the residence of McDonald in the county of Montgomery, the city court of Montgomery had jurisdiction to entertain and render judgment upon said motion. It is true, of course, that the proceeding is, *in limine* at least, purely statutory and must be instituted in accordance with statutory provisions, and it is also true that section 3767 of the Code provides that   *   *   *   *   *   "The motion must be made in the circuit court of the county in which the person moved against resides," etc., etc.; and § 3810 is to the same effect, but these are not the only statutes obtaining in the premises. Section 944 of the Code provides: "Unless otherwise provided by law, the city courts and the judges thereof have and exercise all the jurisdiction and powers of the circuit court and the judges thereof," etc. Section 4 of the act establishing the city court of Montgomery is as follows: "That said court shall have concurrent jurisdiction with the circuit courts in the administration of criminal law in said county, and that the powers and jurisdiction of the circuit courts of this State be, and are, hereby conferred on the city court of Montgomery (except in actions to try titles to land), and, in order to confer upon said court the same power and authority for the complete exercise of its jurisdiction as is or may be conferred upon the circuit courts, in the exercise of like jurisdiction, it is declared that all laws conferring jurisdiction in all cases (except in actions to try titles to land) upon the circuit courts, giving them the power to hear and determine cases, appoint and remove their officers, punish contempts, regulate their practice, and forms of process, prescribing the duties of their officers and of sheriff and coroner, allowing established fees to each officer, and providing for the collection thereof, or requiring of such officers official oaths and bonds, shall be held to extend

to said court and its officers, as fully as they extend to the circuit courts. The judge of said court herein provided for, shall be a conservator of the peace in Montgomery county, and, as such, and in the exercise of the jurisdiction hereby conferred, shall, in the recess or vacation of said court, have the same power and authority as judges of the circuit courts." And, by section 9 of said act, it is enacted, "That all laws of a general nature (except as to actions to try titles to land) that may hereafter be adopted giving jurisdiction to the circuit courts of this State, or to the circuit court of Montgomery county, shall be held to apply and extend to the city court of Montgomery within said county, although said city court may not be mentioned in said law."—Acts 1863, pp. 122, 123. We will not say that section 944 of the Code, quoted above, confers upon city courts generally the special jurisdiction conferred by section 3767 upon circuit courts: that is open to debate; but, it cannot be doubted that the provisions of the act of 1863 quoted above do confer upon the city court of Montgomery the special jurisdiction of circuit courts of the summary proceedings authorized by Chapter 106 of the Code.

The facts set forth in the notice served on McDonald, and in the motion made in the city court, gave that court jurisdiction of the subject-matter involved for the statutory purpose of a summary judgment. The appearance of the respondent and the issues he presented on those alleged facts obviated the necessity which would otherwise have existed for proof of the venue,—that the respondent was a resident of Montgomery county, or, having no permanent residence, was found in said county,— and rendered it unnecessary for the record of the city court to affirmatively show the jurisdictional facts further than such facts were shown by the incorporation of the motion into the record of the court.—*Smith v. Bank,* 5 Ala. 26; *King v. Armstrong,* 14 Ala. 293; *Rutherford's Admr. v. Smith,* 27 Ala. 417; *Shouse v. Lawrence,* 51 Ala.

559; *Ex parte Wilson,* 54 Ala. 296; *Ratliff v. Allgood,* 72 Ala. 119; *Chandler v. Henry,* 90 Ala. 271.

The statutory provisions having special reference to summary proceedings against defaulting attorneys at law are embodied in sections 3810 and 3811 of the Code as follows: "3810. Judgment may, in like manner, be summarily rendered against an attorney at law in this State who fails to pay over money collected by him, or deliver personal property recovered by him, in that capacity, whether by suit or otherwise, on demand made by the person entitled thereto, his agent or attorney, for the amount collected or the value of the property recovered, interest thereon, and damages at the rate of five per centum a month, after such demand, on the aggregate amount, in the circuit court of the county in which such attorney resides, or if he has no known place of residence in this State, in the circuit court of any county, on three days' personal notice; but such attorney may, if a doubt exists as to the right of the person making the demand, or if there be a dispute as to the compensation due the attorney for the collection or recovery of the money or property, pay the money into court, or turn the property over to the sheriff, at the trial-term of such motion, and have such question there decided, without being liable for interest or damages."

"3811. The court may require the party claiming the money or property to establish his right thereto, and, in determining the question of compensation, may examine both parties. The court may award costs, including sheriff's reasonable expenses for preserving the property, at discretion."

It seems clear to us that the demand provided for by this statute should, or at least may, in all cases be for the gross sum collected by the attorney. Money collected by an attorney for his client belongs, of course, to the client, not a part of it merely, but all of it,—not a balance after deducting the fee of the attorney, but the total sum collected. The fund may be charged with a lien in favor of the attorney to the extent of his fee, and the

attorney may have a right to retain his compensation on a settlement with the client; but the ownership of the entire sum is none the less in the client. In line with this consideration, the statute expressly provides for a demand "For the sum collected," the whole sum, and the recovery, unless reduced in the way pointed out in the statute, is of the gross sum collected, "With interest thereon, and damages  *   *   *   * on the aggregate amount." If any consideration, beyond that already adverted to, taken in connection with these expressions of the lawmakers, is needed to support the conclusion that the demand in all cases upon a collecting attorney should or may be for the full sum collected, it is found in the further provision of the statute for the reduction of the recovery below the gross sum of the client's money in the hands of his attorney, and for all which demand has been made, by the amount of the attorney's compensation for his services when there is a dispute as to such compensation. Hence our opinion that the demand in this case, for the gross sum collected by and in the hands of the attorney, was a proper demand, notwithstanding he may have been entitled on a settlement to retain some part of the fund as compensation for his services.

Under this statute there is no such thing as a plea of set-off in defense of the motion against a defaulting attorney. The statute does not contemplate that an attorney shall, in breach of duty and of trust, apply his client's property to any debt he may have against the client, nor that he may withhold the client's money or property with a view of pleading a set-off to a proceeding which his breach of trust forced the client to institute to compel him to perform his plain and absolute duty. The relation, between the attorney who has collected and withholds the client's money or chattels and the client, is not that of debtor and creditor primarily, but that of trustee and *cestui que trust*, and it is the duties of the latter relation rather than the obligations of the former that

[Macdonald v. The State.]

this statute is intended to enforce. The theory of the
statute is that the attorney has the client's money or
chattels, rather than that he owes the client a debt, and
the remedy is rather to coerce him to deliver the client's
money or chattels to him, than to coerce the payment
of the attorney's money to the client as in satisfaction of
a debt. Proceeding on this theory, the legislature was
careful to require the client's money to be paid into court,
or his chattels to be delivered to the sheriff, as a condi-
tion precedent to a claim, even of compensation, by the
attorney. The clear intent here is that no claim of the
attorney to the fund or to any part of it should be made
in this proceeding, until he has discharged his plain duty
of putting the whole fund or the property in the poten-
tial grasp of his client, and that, even then, he should
be allowed to claim only his compensation for services
rendered in collecting the money or getting possession
of the chattels for his client. Until money collected is so
paid into court, and property received is so delivered to
the sheriff, the attorney is in default, and is not en-
titled to be heard at all; and, when he has so paid the
money and delivered the property, his sole right is to
claim his compensation for services rendered in that par-
ticular matter.

Of course the attorney moved against may deny that
he has collected money or reduced to his possession chat-
tels for the plaintiff in motion; but that is in reality the
only defense he can make to the motion, when the de-
mand has been properly and seasonably made and a
proper notice has been duly served. In the case at bar
there is no question as to the sufficiency or due service
of the notice. Nor is there any denial—but, to the con-
trary, both proof and admission—that the respondent
as attorney for the State collected the money, which the
State by this proceeding seeks to make him disgorge,
on a judgment in favor of the State. He would be es-
topped to deny the State's ownership of and right to de-
mand this money, even if in point of fact it did not be-
long to the State. On the trial, two demands for the

[Macdonald v. The State.]

money on behalf of the State were proved: one made by the Tax Commissioner, and the other by the Attorney-General. Both are shown by uncontroverted evidence. It is not of easy conception that, under the circumstances shown, the demand of the Tax Commissioner was improper and insufficient; but conceding it to have been so, the error of the court in receiving evidence of it was of no consequence, since the subsequent demand made by the Attorney-General for the State established the case, and authorized the affirmative charge for the plaintiff, so far as this point was concerned. Nor can there be any doubt on the evidence that the demand was seasonably made. We have no difficulty in affirming as a matter of law that a reasonable time had elapsed, after McDonald collected the money, for him to have paid it over to the State before either of the demands shown in the evidence was made.

The case for plaintiff in motion was proved without conflict in the evidence. The respondent did not pay the fund into court. Not having done so, he was not entitled even to have the recovery abated by the amount of his compensation. Therefore, the plaintiff in motion was entitled to judgment for the full amount collected, interest thereon and five per cent. damages on the aggregate. That the State consented to an allowance for the respondent's compensation is not a matter of which he can complain. And, the rulings of the city court throughout the case being in accord with this opinion, the judgment must be

Affirmed.

HARALSON, SIMPSON and DENSON, J.J., concurring.

TYSON, J.—The point of my dissent goes to that part of the opinion striking down the right of an attorney to compensation out of the money collected by him for his client unless he pays the entire amount collected into

court. This, in my opinion, is a misconception of the meaning of the statute and, an unwarranted construction of it.

Summary proceedings are short, quick, simple methods, in comparison with regular or formal proceedings, provided by statutes in order that the party aggrieved may have an immediate and speedy hearing of his grievances. Statutes providing for such procedure and imposing penalties are universally strictly construed. They are in derogation of the common law, and the right of the complaining party will not be enlarged, nor will the rights of the party proceeded against be restricted, unless the clear import of the statutory language *necessarily* requires it.

It cannot be seriously doubted that, in a common law action brought by a client against his attorney, the latter has the right to retain his compensation out of the money collected. In short, there could be no recovery against him of the money to which he is entitled as compensation for his services. This money would belong to him as absolutely as if it had been paid to him by the client on a settlement between them. The attorney has a lien upon the whole fund for its payment, and, being in his possession, the legal title to money, justly due to him by the client as compensation out of it, is in him and not in the client. It is true that he is a trustee of the remaining portion of the fund which belongs to his client, but not that part of it which he has earned by the rendition of services. Is there any thing in the statutes which changes this relation of the parties to the fund? Does its language necessarily force the construction that the attorney must pay into court the money which belongs to him, before he is allowed to claim it as his own, and failing, the client is entitled to judgment against him for it?

The majority opinion answers both of these questions in the affirmative and predicates that conclusion upon the provision of the statute which requires a demand to

8s

[Macdonald v. The State.]

be made upon the attorney before instituting the proceeding and authorizes it to be "For the amount collected" and a recovery had "With interest thereon and damages at the rate of five per centum a month, after such demand, on the aggregate amount," and the further provision that "Such attorney may, if a doubt exists as to the right of the person making the demand, or if there be a dispute as to the compensation due the attorney for collection, * * * 'pay the money into court * * * at the trial term of such motion and have such question then decided, without being liable for interest or damages."

While it may be that the client may make his demand for the whole sum collected and thereby put his attorney in default as to such portion of the fund that he may establish, on the trial, to belong to him, yet it does not follow from this, that it was intended that he should recover that portion of the money collected which belongs to the attorney as compensation. The demand, provided for and prescribed by the statute for the purpose of putting the attorney in default in order to lay a predicate for instituting the proceedings, is one thing and a recovery after hearing is quite another and different thing. In the one, the statute may contemplate that the whole sum collected may be named in the demand, but, when we come to ascertain the amount of recovery, it is only such sum as belongs to the party complaining, and not that portion of the sum collected which belongs to the attorney, with damages and interest thereon which constitutes the recoverable damages.

The words "Aggregate amount" are intended simply to include the sum found to belong to the client, with interest and damages added thereto. And the last provision of the statute above quoted, authorizing the attorney to pay the money into court, is solely for his benefit, which he may avail himself of for the purpose of relieving himself of liability for damages and interest upon the sum that may be found to belong to his client. There

is nothing in its language, according to it a more liberal construction, which justifies the conclusion that his payment into court of the entire sum collected, or, for that matter, any sum, is a condition precedent to his right to establish, on the trial, the amount of his compensation, any more than there would be for saying that such payment is a condition to his defeating a recovery, by showing that the complaining party has no right to make the demand because the money sought to be recovered does not belong to him. For, the provision under consideration applies, by its express language, as well to the latter defense as it does to the former. And, if my brothers' holding be sound, even after settlement between the parties, and months and years have elapsed, the client may compel his attorney to forfeit his own money to him, with interest and five per centum damages per month thereon, should he not pay it into court.

If it be conceded that the letter of the statute reads as my brothers seem to think it does, it is our duty not to adopt it if not in consonance with its spirit and purpose, especially as such interpretation is violative of the rule of construction requiring it to be strictly construed.

DOWDELL, J., concurs with the writer in these views.