(137 So. 530)

## HIGHTOWER et al. v. ROBISON et al.

8 Div. 292.

Supreme Court of Alabama.

Oct. 29, 1931.

Rehearing Denied Nov. 27, 1931.

R. B. Patton, of Athens, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellants.

**623**

E. W. Godbey, of Decatur, for appellees.

PER CURIAM.

The case shown by this record has been under consideration in this court on four different appeals. Yarbrough v. Hightower, 211 Ala. 262, 100 So. 126; Shields v. Hightower, 214 Ala. 608, 108 So. 525, 47 A. L. R. 506; Shields v. Hightower, 216 Ala. 224, 112 So. 834; Shields v. Pepper, 218 Ala. 379, 118 So. 549. The court finds no sufficient reason for a departure from what has heretofore been ruled. In the last amendment to appellants' bill it is averred that appellee's Robison's "default consisted in a failure to pay over to said county the money due said county, which he, as tax collector of said county, collected and received or should have collected and received, and all monies which he as such collector failed to collect and pay over to said county, amounting to the sum of $11,883.57; that your orators paid said sum of money to Limestone County in the following proportions," etc. We note here again that complainants, as sureties on Robison's official bond as tax collector, seek to be compensated for moneys they have paid over to the county on account of Robison's defalcation and to charge the same as a lien upon lands owned by said Robison during his term of office.

The original bill in this cause, filed May 11, 1922, describing appellee Robison's alleged default, averred, inter alia: "Your orators further represent and show unto your honors that the defendant, E. C. Robison, became a defaulter to the county of Limestone; that his default consisted of the failure to pay over to said county the moneys due said county which he, as tax collector of said county, collected and received for said county, and of moneys which he, as such tax collector, failed to collect and pay over to said county; that on the 13th day of April, 1922, Limestone County, Alabama, made a motion in the Circuit Court of Limestone County, Alabama, for a summary judgment against defendant, E. C. Robison, and against your orators and the other sureties named hereinafter for the moneys the said E. C. Robison had collected and received, and had failed to collect and to pay over to said county; a copy of said motion is hereto attached and made part of this bill of complaint and marked 'Exhibit B' hereto. Your orators further represent and show unto your honors that, on to-wit, the 27th day of April, 1922, the said Limestone County, Alabama, obtained a judgment against said defendant, E. C. Robison, and against your orators and the said other sureties, upon said motion, for the sum of Eleven Thousand Eight Hundred Eighty-three and 57/100 Dollars."

The real objection now urged against the bill, and sustained in the court below, is that it seeks to enforce for complainants' benefit the alleged lien of a judgment for moneys which the defendant tax collector collected "or he failed to collect and pay to the said county the said sums of money as required by,

624

law," and that the statute, section 5939 of the Code of 1907, of force when the judgment was rendered (section 10266 of the Code of 1923), provided only that: "If any tax collector, judge of probate, sheriff, clerk, or other officer or person, fail to pay to the county treasurer, within the time prescribed by law, or, in case no time is fixed by law, on the demand of such treasurer, any money he has collected or received for the county, judgment may be recovered against such person, or such officer and his sureties, or any or either of them, on ten days' notice, on motion of such treasurer in the circuit court in the name of the county, for the amount so collected or received, with interest from the time fixed for the payment, or from the demand when no time is fixed, and ten per cent. damages and costs."

The contention, in short, taken by the demurrer filed August 29, 1929, is that the judgment against the defendant tax collector is a nullity by reason of the alternative allegation of the motion that he failed to collect, etc., and, further, left uncertain how much of the judgment rendered against the collector and his sureties was "for moneys collected and how much for taxes uncollected," whereas the statute makes no provision for such last-named liability.

If the objection to the motion against the tax collector had been taken by him at the trial of that motion, no doubt it would have been sustained. But no such objection was taken. There can be no doubt that in one alternative the motion stated a cause of action against the tax collector and his sureties, that is, that alternative in which it is alleged that judgment was rendered against the tax collector and the sureties on his official bond for his failure to pay over to the county moneys which he had collected for the county, and the judgment here and now is that the judgment then rendered must be referred to that alternative of the motion which stated a cause of action against the defendant and the sureties on his official bond. The motion against the tax collector and his sureties in the circuit court was demurrable, in that, in one alternative, it failed to state a cause of action. But the objection now taken against the judgment could have been cured in the circuit court by an amendment, there seasonably presented, and, for the rest, we may adopt the language of Brickell, J., in Shouse v. Lawrence, 51 Ala. 559, where it was said that defendants there, appellees here, had deprived appellants of an opportunity to amend the motion by failing to interpose the objection now made. Said the court: "It is too late for them to urge these objections in this court. Such would unquestionably be true, if the suit had been in the ordinary mode, instead, of summary by motion. In statutory proceedings, the rule is the same, when the record discloses jurisdic-tion, and the defendants appear and join issue with the plaintiff. Then, the proceeding is treated as if it had been commenced in the ordinary mode," citing Smith v. Branch Bank, 5 Ala. 26, and Rutherford v. Smith, 27 Ala. 417.

In the trial court appellees' demurrer to appellants' bill seeking subrogation to the right of the county against the property of the defaulting tax collector, whose property had been made over to the parties defendant, was sustained on account of the alternative averment that said collector had failed to pay over to the county moneys which he had collected for the county, or had failed to collect and pay over to the county.

Appellees' contention is that the decree, sustaining their demurrer to appellants' bill for subrogation, was correctly rendered for that on a motion framed as was the motion against the tax collector and his sureties, one alternative of the motion affording no ground of relief, no valid judgment could be rendered against appellees. After stating the necessity in general for a strict showing in the pleading of the right relied upon in such cases. Stone, C. J., in County Commissioners v. Woodstock Iron Co., 82 Ala. 157, 2 So. 132, 134, said: "But summary and statutory proceedings may, by the incidents and conduct of the trial, be taken without the influence of these technical rules, and assume the properties of a general jurisdiction, with all the liberal intendments pertaining thereto." To the same effect in general are Ratliff v. Allgood, 72 Ala. 119; Morgan v. Farned, 83 Ala. 367, 3 So. 798; Evans v. State Bank, 13 Ala. 787; Stamphill v. Franklin County, 86 Ala. 392, 5 So. 487; and McGraw v. County Commissioners, 89 Ala. 407, 8 So. 852.

One of the liberal intendments indulged in the consideration of pleadings in general is that where an alternative allegation shows no right, such allegation, even in the absence of specific objection, will be treated as a mere redundancy and will be ignored in the judgment or decree. Morris v. Morris, 58 Ala. 448.

The court here has considered only those grounds of demurrer which were sustained in the court below, the decree pointing them out specifically. As for them, they being the only substantial grounds of demurrer addressed to the bill, the decree under review will be reversed and a decree here rendered overruling the demurrer and remanding the cause for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

NOTE.—The foregoing opinion was prepared by the late Mr. Justice SAYRE, the last opinion written by him, and, upon consideration, was approved and made the opinion of the court during his last illness.