KING, Adm'r, v. ARMSTRONG, use, &c.

1. A judgment by motion against the administrator of a sheriff, for a default, will be sustained, when the motion having been made originally against the sheriff, is revived against the administrator by his consent.

Writ of Error to the Circuit Court of Marengo. Before the Hon. E. Pickens.

Motion for judgment by the defendant in error, against David Curry, late sheriff of Marengo, for failing, by proper diligence to make the money on an execution. Pending the motion, Curry died, and the plaintiff in error, as his administrator, appeared in his proper person, made himself a party defendant by consent, and waived all irregularity arising therefrom. And thereupon came a jury, &c. and verdict and judgment for the plaintiff.

The error assigned is in reviving the proceeding, and rendering judgment on motion, against the administrator.

F. S. Lyon, for the plaintiff in error.

W. M. Murphy and A. R. Manning, contra.

COLLIER, C. J.—We have repeatedly held, that the summary remedy at the suit of a bank lies only, against the debtor personally, and therefore his personal representatives are not thus suable. See Murphy's adm'rs v. The Br. Bank

at Mobile, 5 Ala. Rep. 421, and subsequent cases, in which the same rule is applied to motions against sheriffs and other officers. If such a proceeding cannot be instituted against an executor or administrator, it certainly cannot be revived against them upon the death of a testator or intestate. The statutes which authorize the revival of a suit against the representative of a deceased defendant, apply only to such as might have been initiated against him. This must be so, as the revival of a suit only imparts to it renewed animation, and continues it in court as if the representative had been the primary party. We do not understand that this view is controverted; but it is insisted that the administrator in the present case, waived all objection to the irregularity of the proceeding, by consenting to come into court and submit to the jury an issue for trial.

The record recites that upon the death of David Curry being suggested to the court, Wm. King, his administrator, appeared in proper person and made himself a party by consent, and waived all irregularity arising therefrom; whereupon the parties came by their attorneys, that the issue joined was submitted to a jury for trial, who returned a verdict in favor of the plaintiff, on which a judgment was rendered. This we think is quite sufficient to cure all irregularity in the form of the proceeding, and shows that the administrator consented that the suggestion should progress to a final determination of the matter in controversy, as if an action had been duly instituted according to the ordinary legal forms.

True, it is a general rule that consent cannot give jurisdiction, but this rule does not apply where the court has jurisdiction of the parties and subject matter. In such case, it is competent for the parties to waive any objection of form. or substance to the manner in which the defendant is brought into court, or the cause of action or defence is developed. This we see has been done. There is consequently no error in the record, and the judgment is affirmed.