## LEE *vs.* HOUSTON, ADMR.

1. The Circuit Courts have authority, under the statute of 1824, (Clay's Digest 322, § 55,) to amend a judgment at any time within three years after its rendition, by the correction of any clerical error or mistake, where there is sufficient matter apparent on the record to amend by.

2. A *remittitur* of the damages recovered in an action of assumpsit having been entered by mistake, the judgment was set aside at the next term of the court, on the motion of the plaintiff, and plaintiff then dismissed his suit; and at a subsequent term, the latter judgment was amended *nunc pro tunc*, so as to show that the defendant had appeared and consented to the vacating of the first judgment. *Held*,

That the appearance and consent of the defendant to the vacation of the judgment must be considered as a waiver of the proof required by the statute, or as a judicial admission of the facts necessary to authorize the court to set aside the judgment.

ERROR to the Circuit Court of Sumter.

Tried before the Hon. George Goldthwaite.

In this case a judgment was rendered in favor of the de-

fendant in error against the plaintiff in error, at the Fall Term, 1848, of the Circuit Court, for five hundred dollars damages, with a *remittitur* of the damages. At the Spring Term, 1849, a motion was made by the plaintiff in the judg- ment to set it aside, on the ground that a *remittitur* of the damages had been entered through mistake, or misapprehen- sion, when in fact no part thereof had been paid or satisfied. On this motion the judgment rendered at the Fall Term, 1848, was vacated, and the plaintiff then dismissed his suit. At the Fall Term, 1851, the judgment rendered at the Spring Term, 1849, was amended *nunc pro tunc*, so as to show that the defendant had appeared and consented to the vacating of the first judgment.

R. H. SMITH, for plaintiff in error.

The Circuit Court had no jurisdiction to make the order re- voking the judgment of the previous term; nor the one *nunc pro tunc*.

Its powers do not, at common law, extend to amending judgments after the term at which they are rendered, Arm- strong v. Robertson & Barnwell, 2 Ala. 168–9; nor can the Circuit Court, by statutory power, do more than to amend its process and pleadings before final judgment, or after judg- ment do more than amend any clerical error, when there is sufficient matter apparent on the record to amend by. Same authority, page 169–70.

The judgment setting aside that of the previous term, and assigned as error, was not for a clerical error, nor was there any thing to amend by. It was an act in reference to a sub- ject matter of which the court had no jurisdiction. If it was unauthorized, the judgment *nunc pro tunc* cannot aid it, for consent cannot give jurisdiction. State of Rhode Island v. Massachusetts, 12 Peters 719, 20; Grignoni v. Aston, 2 How. U. S. Rep. 319; Wyatt v. Judge, 7 Port. 37, 38; Cullum v. Casey & Co., 1 Ala. 351; 1 Scam. 249; 2 Porter 345.

Even conceding, for argument, that consent could give ju- risdiction, it was only a consent to do what the motion asked, to-wit: to set aside the remitter of damages, and not to set aside the judgment and dismiss the case, and the court erred in going beyond the motion in its judgment.

WILLIAMS & BLISS, *contra:*

1. The court having jurisdiction of the subject matter, or of such proceedings by provision of statute, the appearance of the parties in court gave jurisdiction of them also, and the parties having then consented, it cures all defects. See Clay's Digest 288, §§ 2, 38, 13, 4; 14 Ala. Rep. 293; 9 Ala. Rep. 399.

2. The party consented that just such judgment should be entered as was entered.

GOLDTHWAITE, J.—Conceding that, by the common law, courts did not possess the power of amending judgments, at any term after their rendition, there can be no doubt that under the act of 1824, Clay's Dig. 322, § 55, the Circuit Court has the authority to amend a judgment, at any time within three years after its rendition, by the correction of any clerical error or mistake of the clerk, where there is sufficient matter apparent on the record to amend by. This, we understand, to be conceded, but it is insisted that the record discloses that the action of the court below, in setting aside the judgment, was not predicated on any mistake or clerical error, and that there was nothing apparent on the face of the record to amend by; that the act of the court was therefore in reference to a subject matter, of which it had no jurisdiction. We think the fallacy of this argument consists, in confounding the subject matter of jurisdiction with the evidence which may be required to support it; the statute confers upon courts the power to amend judgments after the term at which they are rendered, and this is jurisdiction; the same statute restricts the exercise of this power to cases in which the evidence shows a clerical error, or mistake of the clerk, and sufficient matter upon the record to amend by.

The question as to jurisdiction being settled, there is but little difficulty in the case. In King's, Admr. v. Armstrong, 14 Ala. 293, it was held, that although a summary proceeding against a sheriff for a default, in failing to make the money on an execution, did not survive against an administrator, yet it was competent for him to appear, and make himself a party by consent, and that in such case, the court having jurisdiction of the subject matter and the person, the parties could

waive any objection of form or substance, either to the manner in which the defendant was brought into court, or in which the cause of action or defence was developed. So in the case under consideration, the jurisdiction of the subject matter, if not conferred by the common law, was given by the statute before referred to; by the appearance of the parties the court obtained jurisdiction of the person, and thus having complete jurisdiction, the consent of the plaintiff in error to the vacation of the judgment, must be considered as a waiver of the proof required by the statute, or as a judicial admission of the facts necessary to authorize the court to set aside the judgment.

After the judgment was set aside, it is clear that the plaintiff below could dismiss his case.

The judgment must be affirmed.