[Chandler v. Henry.]

# Chandler v. Henry.

*Motion for Summary Judgment against Sheriff and Sureties on Official Bond.*

1. *Statutory damages against sheriff, for failure to indorse on execution date of delivery to him.*—For the failure of a sheriff to "indorse on an execution the true date of its delivery to him," he and the sureties on his official bond are liable to a summary judgment "for ten per centum on the amount of the execution" (Code, § 3105); but this means the principal only, and does not include the interest on it.

2. *Notice of motion to sureties; appearance.*—The entry of a motion on the motion docket, in term time, is sufficient notice to the sheriff and his sureties (Code, § 3097); and when the record recites that an issue was made up between "the parties," and submitted to a jury, this sufficiently shows an appearance by the sureties, and the same intendments will be indulged in favor of the judgment as in ordinary suits before courts of general jurisdiction.

3. *Sheriff's indorsement on execution, showing date of receipt; waiver thereof by directions to send to another county.*—It is the duty of the sheriff, receiving an execution, to indorse on it the true date of its delivery to him, and to do this within a reasonable time; but, if he makes the indorsement at any time before the execution is returned to the clerk's office, he is not liable to the statutory penalty (Code, § 3105); and if, by instruction of the plaintiff, he sends it to the sheriff of another county, not having indorsed it, the right to enforce the statutory penalty on account of the failure is waived and lost; nor is it revived when the execution is returned to him by the other sheriff, instead of being returned to the clerk's office, since it has then lost its vitality in his hands, and he can do nothing with or under it.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This was a motion by Sam. Henry, plaintiff in execution, against William Chandler, as sheriff of Etowah county, and against W. P. Johnson and others, as sureties on his official bond, to recover the statutory penalty for the sheriff's failure to indorse on plaintiff's execution the date on which it came into his hands. The motion was entered on the motion docket on the 22d April, 1889, and the record does not show on what day the Spring term of the court commenced that year. On the trial, as the judgment entry recites, "issue being made up and joined between the parties, thereupon came a jury," &c.; while the bill of exceptions recites, "that the defendants in said motion plead the general issue, denying each and every allegation of said motion, and demand

[Chandler v. Henry.]

a jury." The plaintiff read in evidence, without objection, his judgment on which the execution was issued, the execution itself, and the several indorsements on it; and it was admitted that said Chandler had never indorsed on it the day on which it came to his hands. The other facts shown by the evidence, in reference to the execution, are stated in the opinion of this court, and it is unnecessary to repeat them. The plaintiff's judgment was for $593.81, and was rendered on the 24th July, 1886.

The court charged the jury, on request, that they must find a verdict for the plaintiff, if they believed the evidence; and that, in ascertaining the amount he was entitled to recover, they must calculate interest on the judgment from the day of its rendition, add the principal sum and the interest together, and allow him ten per cent. on the amount. The defendants duly excepted to this charge, and also to the refusal of the following charges, which were asked by them in writing: (1.) "If the jury find from the evidence that plaintiff's execution came into the hands of the sheriff of Etowah on the 12th November, 1888, and he was directed by plaintiff, a few days afterwards, to send said execution to St. Clair county; and that said sheriff of Etowah, under such instructions, did send said execution to the sheriff of St. Clair; and that the sheriff of St. Clair, on the 24th December, 1888, indorsed on said execution the date of its delivery to him, then plaintiff can not complain that the sheriff of Etowah failed to indorse on said execution the true date of its delivery to him." (2.) "If the jury find from the evidence that the plaintiff directed the sheriff of Etowah to send the execution to the sheriff of St. Clair, then he is estopped from recovering the penalty for the failure to indorse its receipt by the sheriff of Etowah."

The charge given, the refusal of the charges asked and the judgment of the court, are assigned as error.

A. E. GOODHUE, for appellants.

DENSON & TANNER, contra.

STONE, C. J.—This case must be reversed for the error of the court in ruling that plaintiff was entitled to a judgment for ten per-cent, of his execution, increased by the accrued interest. The statute is highly penal, and under it no greater recovery can be had than its terms express. Ten per-cent. of the face, or principal of the execution, is the limit of the penalty the law imposes for a sheriff's failure "to indorse on an

[Chandler v. Henry.]

execution [coming into his hands] the true date of its delivery to him."—Code of 1886, § 3105. If the plaintiff suffers any actual injury by the omission, the statute gives him the right to maintain an additional action therefor.—*Ib.*

It is contended for appellants, that the record fails to show the sheriff's sureties had notice of the motion, and that the judgment should be reversed on that account. There are several answers to this objection. *First*, "A motion entered on the motion docket, in term time, is sufficient notice to all officers of the court and their sureties."—Code, § 3097. That was done in this case. *Second*, the judgment-entry and bill of exceptions both show that issue was made up between the parties. This, unrebutted, brings all the parties before the court. *Third*, the case having been tried on issue joined, and before a jury, the rule as to summary or statutory jurisdictions does not apply. The same intendments will be indulged as in ordinary suits before courts of general jurisdiction.—*King v. Armstrong*, 14 Ala. 293; *Rutherford v. Smith*, 27 Ala. 417; *Shouse v. Lawrence*, 51 Ala. 559.

There is a graver objection in this case. The execution was issued and placed in the hands of the sheriff of Etowah county, November 12, 1888. No indorsement was placed upon it by the sheriff of that county. It carried with it no evidence that it had ever been in Chandler's possession. Between that time and December 24, 1888, Chandler, at the request of Henry, the plaintiff, transmitted the execution to the sheriff of St. Clair county, to be collected by him. Chandler testified that this occurred a few days after the execution came to his hands. The sheriff of St. Clair county indorsed upon it, "Received in office December 24, 1888." On December 29, 1888, he, the St. Clair sheriff, levied the execution on "one black horse mule," and indorsed the levy on the execution. On January 7, 1889, the sheriff of St. Clair county, "at the instance of the plaintiff," released the levy on the black horse mule. By some proceeding, the same execution, with the St. Clair sheriff's indorsements upon it, got back into the hands of Chandler, sheriff of Etowah, who, on February 14, 1889, entered upon it a levy on forty acres of land, describing it by government survey numbers. On March 22, 1890, he returned the execution "for want of time to sell and make the money."

It would be difficult to crowd into the history of one execution more irregularities than have attended this one. *First*: If the sheriff Chandler had indorsed on the execution that it had been received in office by him, this would have destroyed its authority and power as a process in the hands of the sheriff of another county, and would have made it the duty of Chan-

18

[Chandler v. Henry.]

dler to retain the execution, and return it to the office from which it issued. Hence his failure to indorse his receipt of the execution gave to Henry the authority he had for having it forwarded to the sheriff of St. Clair county.—1 Brick. Dig. 898, § 128. *Second:* If Henry, by having his execution in Chandler's hands, acquired any lien or liens in Etowah county, taking control of the process, and having it transmitted to another county, would have been a stay of execution by him, and would have subordinated his lien to that of a junior execution or incumbrancer.—*Patton v. Hayter,* 15 Ala. 18; *Albertson v. Goldsby,* 28 Ala. 711; *Decatur Charcoal Chem. Works v. Moses,* 89 Ala. 538.

Our decision is, that Henry must be held to have waived Chandler's indorsement on the execution, for that alone gave him the right to have it transmitted to another county, to be collected there. We offer another reason for this ruling. The statute, while it requires the sheriff to indorse on the process "the true date of its delivery to him," does not state when that indorsement shall be made. Under rulings on kindred questions, we hold that it was his duty to make the indorsement within a reasonable time. It is manifest, however, that if it was placed on the execution, giving the true date, at any time before its return to the clerk, no recovery could be had against the sheriff on this account. Taking control of the execution, as Henry did, for a purpose which would have been defeated if Chandler's indorsement had been upon it, we hold the legal conclusion irresistible, that he not only waived, but must have sanctioned the omission of the indorsement.

When the execution was returned from St. Clair county, and again placed in Chandler's hands, having the St. Clair sheriff's indorsement on it, it had lost all vitality in Etowah county, and neither required proceedings under it, nor authorized the sheriff's indorsement of the date of its receipt. It should have been returned by the St. Clair sheriff to the clerk's office from which it issued.—1 Brick. Dig. 898, § 128.

The Circuit Court erred in giving the charge asked by plaintiff, and in refusing the two charges asked by defendants.

Reversed and remanded.