# O'Connor Mining & Manufacturing Co. v. Dickson *et al.*

*Summary Proceeding against Sheriff and his Bondsmen for Failure to indorse on an execution Date of its Delivery.*

1. *Proceeding against sheriff for failure to indorse on an execution date of its delivery; when question of delivery to be submitted to jury.*—In a proceeding against a sheriff and his bondsmen for his failure to indorse on an execution the date of its delivery to him, (Code of 1886, §§ 3095, 3105), where it is shown that the attorney of the plaintiff in execution handed the writ to a third person with the request that he deliver it to the sheriff, and such third person testified that he delivered it to the sheriff as requested, but the sheriff testified that he did not recollect receiving the execution from said person, but that after diligent search by himself and deputy he found the writ in his office several months after its alleged delivery to him, the question as to whether the execution was delivered to the sheriff by such third person, as he testified it was, is one for the jury to determine.

2. *Evidence; admissibility of letter; secondary evidence.* — A letter received through the mail, not in response to one previously sent to the purported writer, is not admissible in evidence against the purported writer, or his principal, without proof of its genuineness; and in the absence of proof of its genuineness, secondary evidence of the

contents of such a letter is not admissible, although a proper predicate has been laid for the introduction of the secondary evidence.

3. *Duty of sheriff as to indorsement upon writ; when order of plaintiff for its return constitutes no excuse for his failure.*—It is the duty of the sheriff within a reasonable time after receiving a writ or process, to indorse upon it the day, month and year of its receipt; and in a proceeding against a sheriff for his failure to indorse on an execution the date of its delivery to him, the fact that the plaintiff in execution, after the delivery of the writ to the sheriff, ordered him to return it before the return day thereof, constitutes no defense; and especially is this true when, as in this case, it is shown that notwithstanding the order was given, the sheriff did not return the writ until after the return day thereof had passed.

4. *Proceeding against sheriff for failure to indorse upon an execution its date of delivery; special plea.*—In a proceeding against a sheriff for failure to indorse on an execution the date of its delivery to him, the defense that the plaintiff ordered the return of the execution before the return day, must be specially pleaded.

5. *Same; what not sufficient excuse.*—If a sheriff receives a writ of execution from a party other than one lawfully authorized to deliver it, without requiring evidence of his authority to make the delivery, he can not, in a proceeding against him for failure to indorse on the execution the date of its delivery, relieve himself and sureties from the statutory liability for such failure, by proof of the want of authority in such person to deliver it.

6. *Same; burden of proof.*—In a proceeding against a sheriff for failure to indorse on an execution the date of its delivery to him, the burden is on the plaintiff to show that the writ was delivered to him before the return day thereof.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JAMES A. BILBRO.

The proceedings in this case were had upon a motion made by the appellant for a summary judgment against the appellees, R. S. Dickson and the sureties on his official bond as sheriff, for the failure of said Dickson to indorse on an execution delivered to him the true date of its delivery. The defendants as pleas, 1st, denied every allegation of the motion; and 2d, pleaded "not guilty as averred in the motion."

Upon the trial of the cause, after the introduction of the sheriff's bond, which was executed by the persons proceeded against, and conditioned as required by law, the movant introduced an execution which was issued by the clerk of the circuit court of Etowah county, on April 25, 1894, in favor of the O'Connor Mining & Manufacturing Company against the Coosa Furnace Company,

a body corporate, for a certain sum named therein, and the costs of suit. This execution was in legal form, and there was attached to the execution the following direction: "Mr. Dickson, Dear Sir:—Sign the receipt of execution, and sign this levy, and have it published at once, and send me a copy of the newspaper in which you make publication; the first issue of the paper containing advertisement of land, and oblige, Yours, &c. Geo. D. Motley, Gadsden, Alabama." On this execution, which was introduced in evidence, there was no indorsement of the date of delivery to the sheriff.

The evidence of the plaintiff was, that Geo. D. Motley, Esq., attorney for the plaintiff in execution, delivered the said execution to Judge R. R. Savage, and asked him to hand it to the sheriff; and Judge Savage testified that he handed it to the sheriff as requested by Mr. Motley.

The defendant, R. S. Dickson, as a witness in his own behalf, testified, that he did not recollect having received the execution from Judge Savage, but that after diligent search he found the execution in October, 1894, in his office. He further testified that he received a letter about the execution in due course of mail, which letter was mailed at Gadsden, Alabama, and signed by Geo. D. Motley, as attorney for plaintiff. After stating that he had made diligent search in his office for the letter, in the places where official communications and papers were kept, and that he could not find it, the witness was asked what were the contents of the letter. The movant objected to this question, on the ground that no execution of the letter had been proven. The court overruled the objection, to which ruling the movant duly excepted; and the witness answered as follows: "The letter stated he had left an execution in care of Judge Savage for me, and that he had directed its levy and advertisement in paper, and the paper was to be sent to him, and that he had not received the paper; and he asked the execution to be returned." Thereupon the movant moved to exclude this letter, upon the ground that there had been no proof of its execution. The court overruled this motion, and the movant duly excepted. The witness further testified that he never received but this one letter from Mr. Motley, which was received some time between the 1st and 15th of October, 1894; and that in response to a letter which was

received from the clerk of the circuit court of Etowah county, he returned the execution to the circuit court clerk. The testimony of J. M. Webb, who was the deputy of the sheriff R. S. Dickson, was substantially the same as the testimony of Dickson.

The movant introduced in evidence the letter written by the clerk of the circuit court of Etowah county to R. S. Dickson, dated November 13, 1894, in which the sheriff was asked to return the execution in question at once, as the time for the return of the execution was "up and past;" and it was shown that in response to this request, the said execution was sent at once by R. S. Dickson to the said clerk. Geo. D. Motley, Esq., testified that he never wrote to Dickson to return said execution.

Upon the introduction of all the evidence, the movant requested the court to give to the jury the following written charges, and separately excepted the court's refusal to give each of them as asked : (1.) "The court charges the jury that although they believe the sheriff received a letter purporting to be written by attorney for plaintiff in October, they must go further and find that the sheriff obeyed the letter, and sent the execution according to the mandate thereof, to be a defense to this motion." (2.) "The court charges the jury that if they believe from all the evidence, that if the execution was left with Judge Savage by plaintiff's attorney to be given to the sheriff, and that Judge Savage gave the execution to the sheriff, then the plaintiff is entitled to recover a judgment against defendants for 10 per cent. of the face of the execution." (3.) "The court charges, the jury that if they believe from all the evidence that if the execution was left by plaintiff's attorney with Judge Savage to deliver to the sheriff, and that Judge Savage gave the execution to the sheriff, then it was a delivery to him under due course of law."

The court at the request of the defendants gave to the jury the following written charges, and to the giving of each of them the movant separately excepted : (1.) "The sheriff is presumed to do his duty, and the burden of proof is on the plaintiff to show to the jury by a preponderance of evidence that he did not do so, before the jury can find a verdict for plaintiff." (2.) "The court charges the jury that the burden is on the plaintiff to

[O'Connor Mining & Manufacturing Co. v. Dickson, *et al.*]

show that Dickson received the execution, before the time for returning it had expired, and if the plaintiff has failed in this, the jury must find for the defendant." (3.) "If the jury are not satisfied to a resonable certainty that Dickson received the execution before it was dead, then they must find for the defendant." (4.) "The court charges the jury that if the jury believe from the evidence that the sheriff received a letter from the plaintiff's attorney to return the execution before the return day thereof, and if the jury further believe from the evidence, that in obedience to said instruction the sheriff did so return said execution, plaintiff can not recover." (5.) "The court charges the jury that unless the plaintiff has proven to a reasonable certainty that the particular paper introduced in evidence was placed in the possession, or under the control, of the sheriff to execute, then plaintiff can not recover."

There were verdict and judgment for the defendants. The movant appeals, and assigns as error the rulings of the trial court upon the evidence, and upon the charges asked.

GEORGE D. MOTLEY, for appellant, cited *Chandler v. Henry*, 90 Ala. 271; *Herring v. Skaggs*, 73 Ala. 446; *Bernstein v. Humes*, 71 Ala. 260.

DENSON & BURNETT, *contra.*—The court did not err in its ruling upon the evidence as to the letter of the plaintiff's attorney written to the sheriff.—*Mattison v. State*, 55 Ala. 224; *Leffler v. Lehman*, 57 Ala. 433; 19 Amer. & Eng. Encyc. of Law, 41, and authorities cited; 2 Wharton on Ev., § 1319; *Guesnard v. L. & N. R. R. Co.*, 76 Ala. 453; 3 Brick. Dig., 113, § 167.

HEAD, J.—The only question for the jury, in this cause, was whether the execution was delivered to the sheriff by the witness, Savage, as he testified it was. There was no direct evidence to the contrary, but we think the circumstances testified to by the sheriff and his deputy required the case to be sent to the jury, on that issue.

There was no legal evidence that the plaintiff's attorney ordered the execution to be returned. A letter received by another through the mail, at least, one not in

response to a letter previously sent to the purported writer, is not admissible against the purported writer, or his principal, without proof of its genuineness. The law presumes that a letter prepaid and posted, properly addressed to the sendee, at the usual place of receiving his mail, was delivered in due course. It rests upon the assumption that the post-officials and post-men discharge their duties; but there is no presumption that a person whose name is signed to a letter is its author, merely because it was carried by the post. The court erred in admitting the testimony of the sheriff and his deputy in reference to the letter.

But, the matter of the letter was immaterial. It was a valuable right of the plaintiff to have the indorsement made upon the execution notwithstanding an order given by him for its return before the return day. It was the sheriff's duty within a reasonable time after receiving the writ, to endorse upon it the day, month and year of its receipt; and when more than one execution against the same defendant comes to his hands on the same day, if not received at the same time, he must indorse thereon the order in which they are received. This particularity of the statute is prompted by obvious reasons. The suing out of process is not accomplished until its delivery to the sheriff. The required indorsement constitutes a record of the fact, received in any proceeding with the verity which attaches to record evidence. The time of the issuance of an execution may be important in many respects. For instance, we may mention, it may be important to know that an execution was issued before the death of the defendant, to obtain the benefits of section 2897 of the Code. Again, if execution be not issued within a year and a day after judgment, it cannot issue without revival.—Code of 1886, § 2923. It is true that an interference by the plaintiff, which prevents the execution of the process by the sheriff, will destroy the lien, as in favor of the holders of intervening titles or equities; but it is only such rights that are affected. The defendant in execution is not in a position to set up such an interference.—*Albertson v. Goldsby,* 28 Ala. 711; *Carlisle v. Godwin,* 68 Ala. 137; *Clark v. Spencer,* 75 Ala. 49.

This case is unlike that of *Chandler v. Henry,* 90 Ala. 271. There the execution was delivered to the sheriff,

who was sued. He failed to make the indorsement.
The plaintiff procured him to send the writ to the sheriff
of another county. We held that if the writ had be-
come a matter of record in the hands of the sheriff who
first received it, by the required official indorsement of
the sheriff thereon, it could not have, lawfully, been
withdrawn from his office and transferred to the office
of another sheriff; and that the plaintiff, in procuring
the transfer, must have justified it by the fact that the
sheriff had not made the official evidence of its delivery
to him, and, of necessity, waived the making of the in-
dorsement. Here, the plaintiff (conceding the letter
ordering its return to have been written by plaintiff's
attorney) did no more than to order the writ to be re-
turned to the court whence it issued. The very order it-
self carried with it evidence of the plaintiff's intention
that the writ should be preserved, as a record, for all
purposes for which, as such, it might be made avail-
able.

Again, if the order was given, the undisputed evi-
dece shows that the sheriff paid no attention to it. He
did not return the writ until long after the return day,
and then, after the clerk, who issued it, had written
urging him to do so. We are aware of no principle
which now permits him, under such circumstances, to
set up such an order.

And, if there had been any merit in the defense prop-
erly interposed, it could not be allowed here for the rea-
son that it was not specially pleaded.—*Petty v. Dill*, 53
Ala. 641.

If the sheriff received the execution from Savage
without requiring evidence of his authority to deliver it,
he cannot be heard to allege irregularity in that respect.
As we said, in an analogous case, such a defense would
approach a fraud.—*Steele v. Thompson*, 62 Ala. 323.

The second and third charges requested by the plain-
tiff ought to have been given. The first charge so re-
quested, was more favorable to the defendants than they
were entitled to. It will probably not be requested on
another trial. Charges 1, 2, 3 and 5 requested by de-
fendants were properly given. Counsel misapply the
cases of *Vanderventer v. Ford*, 60 Ala. 610, and *Street v.
Sinclair*, 71 Ala. 110, as to charge on preponderance of
evidence. Charge 4 was both bad and abstract.

[Ely v. Blacker, Gerstle & Co., and Ely v. Flinn.]

Under the late act (Acts, 1894-95, p. 126), separate exceptions to written charges given or refused are presumed.

Reversed and remanded.