# Hoene v. Pollak et al.

*Bill in Equity to have set aside a Deed from a Corporation.*

1. *Equitable estoppel; sale by agent of corporation.*—While the agent of a corporation can convey no legal title to the lands owned by said corporation, unless his authority to sell and convey be in writing, yet the directors of a corporation may, by their conduct, estop themselves from disputing the authority of the agent to bind the corporation by a sale made by him, where the agent acted openly and notoriously, and the corporation acquiesced for a long time in the conveyance; thus creating an equitable estoppel *in pais.*

2. *Same; same; case at bar.*—Where the directors of a corporation owning all of its capital stock, prepared a deed conveying its entire property and sent it to a third person to be executed by him as president of the corporation, and after he had so executed it and returned it to the directors said deed was delivered and the grantor was placed in possession, there is created an equitable estoppel, and all of the directors are estopped from attacking the deed as being executed by one who was not the president of the corporation, and without authority.

3. *Husband and wife; capital stock in a corporation personal property; wife can authorize by parol, husband to manage same.* The capital stock of a corporation being personal property, a married woman may, under the authority of the statute authorizing the personal property of the wife to be disposed of by the husband and wife by parol, (Code of 1886, §2348; Code of 1896, §2528), authorize her husband, by parol, to vote the stock owned by her in a corporation at corporate meetings and to consent for her to a transfer of all of the

[Hoene v. Pollak, *et al.*]

corporate property to another corporation, to be paid for by capital stock of the latter corporation issued to the stockholders of the former.            ,

4. *Same; same; ratification.*—Where a married women, knowing that her husband had. in her behalf. voted the stock she owned in a corporation in favor of the transfer by said corporation of all of its assets to another corporation. for the stock of the latter. company to be given to the stockholders of the former company, subsequently disposes of a part of the stock of the latter company so received, she thereby ratifies her husband's act.

5. *Same; ratification by wife of husband's act not affected by inability to read or write.*—The acts of a married woman, which constitute a ratification of her husband's acts with respect to her separate personal property, do not lose their binding force and effect by the fact that she could not read or write and understood English with difficulty, where no advantage is shown to have been taken of her ignorance.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

This is a suit brought by the appellant, Mary G. Hoene, as a stockholder in the Hoene, Warrior and Jefferson Coal Company, to annul and cancel a deed executed by Ignatius Pollak, as president of said Hoene, Warrior and Jefferson Coal Company, to another corporation, known as the Hoene Consolidated Coal & Iron Company; it being alleged in said bill that said Pollak usurped the office of president of the Hoene, Warrior and Jefferson Coal Company, and executed said deed without consideration and without the knowledge of the complainant.

The prayer of the bill is that said deed and also a deed of trust or mortgage, executed by the Hoene Consolidated Coal and Iron Company to the New York Security and Trust Company be cancelled and annulled as a cloud upon the title of the said Hoene, Warrior and Jefferson Coal Company. The facts of the case are sufficiently stated in the opinion.

Upon the final submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for and ordered her bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

[Hoene v. Pollak, *et al.*]

SAMUEL WILL JOHN, TOMPKINS & TROY and R. H. FRIES, for appellant.—"A conveyance of property by a corporation may be executed like a conveyance by an individual, through any agent having authority to represent the company for that purpose.—1 Morawetz on Corporations, §335. An agent can not be empowered to convey, except by board of directors.—1 Morawetz Corporations, §337; 1 Devlin on Deeds, §338.

As a shareholder or stockholder, Mary G. Hoene had no interest whatever in the land belonging to this corporation.—1 Devlin on Deeds, §39. The woman, never did subscribe for stock in the Consolidated Coal & Iron Company, never received the certificates, never attended any meeting of stockholders or directors, never received a dividend as stockholder, and never induced any one to subscribe for stock; so she cannot be estopped from setting up the truth in regard to all these matters.—2 Herman on Estoppel, §§1247-48. She never knew of this conveyance until a short while before filing her bill, so that she is not in the attitude of one who knowingly suffers another to purchase property to which he has a claim or title, which he willfully conceals, and, therefore, is estopped from setting up his title to the other's injury.—*Lindsay v. Cooper*, 94 Ala. 177; *Wilder v. Wilder*, 89 Ala. 414. "Estoppels are protective only, and are to be invoked as shields and not as offensive weapons. * * * They should never be made the instruments of gain or profit."—*Lindsay v. Cooper*, 94 Ala. 184.

A married woman may not always be estopped to deny her capacity to contract, especially so as to convey her property in a mode prohibited by law, she may be estopped by any positive act of fraud.—*Wilder v. Wilder*, 89 Ala. 418.

No one acted on M. G. Hoene's words, acts or silence. Pollak was the principal actor in making the mortgage, and he acted on his own knowledge of his previous wrong-doing. He had the best knowledge of the conditions of the title, and acted on it, in fraud of appellant's rights.—*Curry v. American Freeh L. M. Co.*, 107 Ala. 429. Mrs. Hoene, a married woman, is certainly not estopped, unless her conduct has been intentionally, and, in contemplation of law, fraudulent.—Bigelow on Estoppel, p. 600; 2 Herman on Estoppel, 1098, §974.

ALEX T. LONDON and JOHN LONDON, *contra.*—Before a stockholder can maintain such a suit as this, he must allege and show that he made an earnest effort with the directors· to induce them to bring the suit, and on their refusal, with ther stockholders.—*Foss v. Harbottle,* 2 Hare 461; *Hawes v. Oakland,* 104 U. S. 457; Taylor on Corporations, §§140, 141; 1 Morawetz on Corporations, §240; *Mer. & Plan. Line v. Waganer,* 71 Ala. 586; *Hersey v. Veazie,* 24 Me. 11; *Bell v. Montgomery,* 103 Ala. 275;*Roman v. Woolfolk,* 98 Ala. 219; *Decatur Min.· Land Co. v. Palm,* 113 Ala. 531.

It is a well established principle that a stockholder who holds stock which is voted in favor of the act complained of, can not bring the suit.—2 Cook on Stocks, §735; 1 Morawetz on Corporations, §262. Nor can a stockholder who participates in a wrongful or fraudulent contract, or silently acquiesces until the contract becomes executed, come into a court of equity to cancel the contract.—Cook on Stockholders, §646; 1 Morawetz on Corporations, §§262, 263; *Parsons v. Joseph,* 92 Ala. 405. Nor can the plaintiff sue when the act complained of has been acquiesced in by the whole body of

It is well settled that there is nothing in the marital relation which prevents the wife from making her husband her agent, and she is bound by his acts to the same extent as other principals are.—Mechem on Agency, §63; 2 Herman on Estoppel, §§1106, 1110; *Louisville Coffin Co. v. Stokes,* 78 Ala. 374; *Warren v. Wagner,* 75 Ala. 205; *Mary Lee C. & R. Co. v. Winn,* 97 Ala. 495.

The appellant is estopped to deny that Pollak was duly elected president of the Warrior Company.—2 Herman on Estoppel, §1173. Nor is it necessary that Pollak should have received any specific appointment as such president.—2 Herman on Estoppel, §1166. No certificate of stock or the entry of the same on the stock book is necessary to constitute a person a stockholder. *Birmingham Nat. Bank v. Roden,* 97 Ala. 407.

But this whole transaction from beginning to end, if not expressly authorized by everybody in interest, has been ratified by the Warrior Company, and it is not open to question. The maxim which makes ratification

equivalent to a precedent authority is as much predicable of ratification by a corporation, as it is of ratification by any other principal, and it is equally to be presumed from the absence of dissent.—2 Morawetz on Corporations, §619; 2 Herman on Estoppel, §§1175, 1223.

The directors of the Hoene Warrior Company could and did ratify the act of Pollak acting as president in making the deed to the Hoene Consolidated Coal & Iron Company.—2 Morawetz on Corporations, §627; Mechem on Agency, §160 et seq.; *Bibb v. Hall,* 101 Ala. 79. Where parties assuming to act as agents of a corporation, but without legal authority, make a contract and the corporation receives the benefit, it is a ratification and renders the corporation liable.—2 Herman on Estoppel, §1223; *M. & M. R. Co. v. Gilmer,* 85 Ala. 422.

BRICKELL, C. J.—This appeal is taken from a final decree dismissing a bill filed by appellant, a married woman, and a majority shareholder in the Hoene Warrior & Jefferson Coal Co., to set aside a deed executed in the name of said company by "I. Pollak, president," by which all the property and assets of said corporation were conveyed to the Hoene Consolidated Coal & Iron Co. in consideration of $250,000 of its capital stock to be issued to the shareholders of the former corporation in proportion to their respective holdings of stock therein.

It is alleged in the bill that said Pollak was not the president of said Hoene, Warrior & Jefferson Coal Co., and was without any authority to execute said deed. It is further alleged that said deed was made without the knowledge or consent of appellant, and she disclaims all right to any of the stock in said Hoene Consolidated Co. She denies that she ever subscribed for any of said stock or authorized any one to do so for her, and she avers that she did not receive any of the certificates for the same, and had never had possession or control thereof. The evidence shows that there was no formal subscription to the capital stock of the said Hoene Consolidated Coal & Iron Co., the stock was merely issued to those entitled thereto in consequence of said conveyance, including 702 shares to appellant, and 10 shares to her husband, B. H. Frank Hoene. Appellant and

[Hoene v. Pollak. *et al.*]

her husband were both elected directors. The husband testified that he received the certificate for said 702 shares for his wife and kept it with her other papers. He represented her in all the meetings of said Hoene Consolidated Company, and her said stock was voted affirmatively by him for her at the meeting called to authorize the issue of the bonds of said company, and the execution of the deed of trust upon its property, under which appellee claims. Appellant testified that her husband attended to all of her business, and we are satisfied from the evidence that he represented her in the matters of said two corporations with her full consent and authority. No formal authority is shown to have been conferred upon appellee to execute the deed from the Hoene, Warrior & Jefferson Company to the Hoene Consolidated Company, and there is conflict in the testimony as to whether he was then the president, or even a shareholder in said former corporation. The evidence shows, however, that he had acted as president of said company, and that the deed was sent him by the husband of appellant and the general manager of said Hoene, Warrior & Jefferson Coal Company for execution, and that possession of the property conveyed was delivered by said company to said Hoene Consolidated Company under said deed.

No body corporate can appoint an agent to convey lands except by a vote of its directors or other managing board in whom the power to sell may be reposed by charter or generally by law,—*(Standifer v. Swan & Billups,* 78 Ala. 88) ; this by reason of the statute of frauds. Notwithstanding the requirements of the statute of frauds, declaring void certain contracts for the sale of land, unless evidenced by writing subscribed by the party to be charged, an equitable interest may be acquired in lands without any written transfer of title by conduct or declaration of the owner which would create an estoppel *in pais* on his part. This rule applies as well to corporations as to natural persons. The fact that they must necessarily act through the instrumentality of agents, either immediate or intermediate, and can act in no other way, does not change the principle. And although an agent of a railroad or other corporation authorized to sell land or any interest in land can convey no legal title or freehold estate unless his authority to

sell be in writing, this being a question of actual authority, yet the directors or governing body may so act as to estop themselves from denying the existence of such written authority and thus create an equitable estoppel *in pais.*—*A. G. S. Railroad Co. v. S. & N. Ala. R. R. Co.*, 84 Ala. 578; *S. & N. Ala. R. R. Co. v. A. G. S. Railroad Co.*, 102 Ala. 238. We are of opinion, the facts established such equitable estoppel in this case. The directors of the Hoene, Warrior & Jefferson Coal Co. were, according to appellant's testimony, the appellant, her husband, and M. A. Hoene, her son; owning all the capital stock. In sending the deed to Pollak for execution for said company as its president, they affirmed his authority for that purpose. After the execution of the deed by Pollak, it was returned to the husband, recorded, and possession of the property conveyed was surrendered by the directors to the Hoene Consolidated Coal & Iron Co., thus ratifying the execution of the deed. The Hoene Consolidated Coal & Iron Company remained in possession of and operated the said property until the 20th of January, 1892, at the time of the filing of the bill for the foreclosure of the deed of trust executed by that company upon said property, when the want of formal authority for the execution of the deed by Pollak was discovered, and the property was surrendered by B. H. Frank Hoene, and M. A. Hoene, to M. A. Hoene as president of said Hoene, Warrior & Jefferson Coal Company upon the demand of said B. H. Frank Hoene for its said directors. While in possession of the property the Hoene Consolidated Company issued its bonds for the payment of its indebtedness, consisting in part of an indebtedness to the said Hoene, Warrior & Jefferson Company for part of the land conveyed, and secured the payment of said bonds by a deed of trust upon its property. The issue of these bonds and the execution of said deed of trust by said company was authorized by a meeting of the shareholders of said company regularly called and held on the 20th day of June, 1889, at which meeeting the said M. A. Hoene and B. H. Frank Hoene were present, the latter also representing the appellant, his wife, and voting her stock in favor of the proposition. There is evidence that appellant was at one time present at said meeting, and upon

its adjournment heard its object discussed. We are satisfied that she knew of its purpose.

There is nothing in the fact that appellant was a married woman at the time of the matters complained of, which required that her husband should be authorized in writing to consent for her to the conveyance of the property of the said Hoene, Warrior & Jefferson Coal Co. to the Hoene Consolidated Coal & Iron Company, for its capital stock to be issued to the shareholders of the former corporation, nor to receive said stock for her, nor to vote it for her at the meeetings of said company. Her interest in the Hoene, Warrior & Jefferson Coal Company, represented by her stock therein, was personal, not real property, as was also the stock in the Hoene Consolidated Company, which she received in consideration of the conveyance. Her capacity to deal in reference to it, or to dispose of it, was governed by section 2348 of the Code of 1886, which declares that "the personal property of the wife or any part thereof, may be sold, exchanged or otherwise conveyed, or disposed of by the husband and wife, by parol, or otherwise." As was said in the case of the *Pioneer Savings & Loan Co. v. Thompson*, 115 Ala. 552, "Manifestly all that is required by this statute is the assent of both the husband and wife, to the sale or exchange, and it is not essential that such assent be manifested by any writing or other particular mode. A fair construction of the statute does not require that both shall be actually present and express their assent at the time and place the sale or exchange is made. If one authorizes the other to make the contract, and it is done in pursuance of that authority, there is the necessary assent of both." Apart from the existence of prior authority from appellant to her husband, the evidence shows that she knowingly disposed of a portion of the stock in the Hoene Consolidated Coal & Iron Company which her husband received for her under and by reason of said conveyance which she now seeks to set aside. We are satisfied from the evidence that she could not have been ignorant as to how her stock was acquired. She, therefore, assented to what had been done. This was sufficient although there had been no prior authority. *Pioneer Savings & Loan Company v. Thompson, supra; Steiner Bros. & Co. v. Tranum*, 98 Ala. 315; *Mary Lee*

[Craft v. Simon.]

*Coal & Railway Co. v. Winn*, 97 Ala. 495. The appellant cannot, in a court of equity, be now permitted to assert any right or title in opposition to the conveyance from the Hoene, Warrior & Jefferson Coal Company to the Hoene Consolidated Coal & Iron Company.

It can make no difference in the application of the above principles that appellant could not read or write, and understood the English language only with difficulty. No advantage is shown to have been taken of her ignorance.

The decree of the chancellor is affirmed.