# Thompson v. Stringfellow.

*Action for Money Had and Received.*

1. *Ratification by married woman.*—A married woman may ratify the disposition of her money by her husband by acquiescence for five years, with knowledge of the facts.

2. *Ratification by accepting consideration.*—A married woman may ratify the investment of her money in real estate by the hus-

[Thompson v. Stringfellow.]

band taking title in his own name, by accepting and applying said real estate to the payment of her debts.

3. *General replication, demurrer to.*—When plaintiff files a replication, which, in so far as it states any fact of legal importance, is a general replication merely, the sustaining demurrers thereto as a special replication is harmless.

APPEAL from Anniston City Court.

Tried before Hon. JAMES W. LAPSLEY.

The appellant sued on common counts for money had and received. The defendants pleaded the general issue, and certain special pleas, the substance of which is stated in the opinion. Plea No. 7 was as follows: "7th. That said thirty-seven hundred dollars described in said complaint was used in the purchase of the following lot of land belonging to defendants in the City of Anniston, Alabama, and sold and conveyed on or about the 25th day of February, 1891, by defendants by deed to J. D. Thompson, to-wit: (here describing it). And defendants aver that said J. D. Thompson was the duly authorized agent of C. A. Thompson to make said purchase, or that said purchase, when made, was duly ratified and confirmed by said C. A. Thompson in this, she knew of said purchase for over five years and acquiesced in same for about five years after same was made. And defendants aver that said C. A. Thompson, prior to the making of said purchase, was duly and legally relieved of the disabilities of coverture by the chancellor of the Northeastern Chancery Division in proceedings instituted at Jacksonville, Alabama, and made a free dealer under section 2731 *et seq.* of the Code of Alabama, 1876, while the same was law." To this plea, plaintiff, after demurrer overruled, filed the following: "Plaintiff for special replication to plea number seven of defendants, says: That J. D. Thompson was, at the time of the transaction set up in said plea number seven, the husband of the plaintiff, and had been prior thereto since 1869 the husband of this plaintiff; that she has never given said J. D. Thompson written authority to sign her name or to make contracts in her name, nor has she ever ratified or confirmed said transaction either in writing or otherwise, and plaintiff further says that she was relieved of the disabilities of coverture, but she did not have the written consent of her husband to contract or be contracted with, and she did not give him written authority

to contract for her in writing or otherwise, and she fur-
ther avers that she did not have the written consent of
her husband recorded in the probate judge's office in this
county or any other county in the State of Alabama
authorizing her to engage in any business whatever."
The court sustained plaintiff's demurrers to the above
as a special replication. On the ground, among others,
that, "The matter stated in the replication as to the
written consent of C. A. Thompson's husband being re-
corded in the probate judge's office is irrelevant to the
plea and to the issue in this case; and the replication
does not present such issues as the defendant can take
isssue on." There was judgment for defendants. Plain-
tiff appeals on the record, and assigns as error, the over-
ruling of plaintiff's demurrers to defendant's pleas, and
the sustaining of defendant's demurrers to plaintiff's
replication.

VAN L. THOMPSON, and JOHN H. MILLER, for appel-
lant, cited, *Scott v. Cotton,* 91 Ala. 628; *Brown v. Bam-
berger Bloom & Co.,* 110 Ala. 355; *Duncan v. Freeman,*
109 Ala. 185; *Strauss v. Schwab,* 104 Ala. 669; Bishop
on Contracts, 846, 783, 1108, 620 and 514; Story on
Agency, 231, note 1; *Billings v. Morrow,* 7 Cal. 171; s. c.
68 Am. Dec. 235.

J. J. WILLETT, *contra,* cited, *Pioneer Saving & Loan
Co. v. Thompson,* 22 So. 511; *Hollingsworth v. Hill,* 22
So. 460; *Steiner v. Tranum,* 98 Ala. 319.

McCLELLAN, J.—This action is prosecuted by Mrs.
C. A. Thompson, a married woman, to recover of String-
fellow and others moneys alleged to have been received
by them to her use. Defendants plead that the money
alleged to have been received by them to plaintiff's use
was received in the purchase from them of certain lots
of land, the conveyance being made to J. D. Thompson,
who is plaintiff's husband, and that plaintiff ratified
such disposition of her money (1) by acquiescing therein
for five years, having knowledge of the facts; and (2),
by accepting the benefits of said transaction in the ap-
plication of said land to the payment of her debts. On
the principles declared by this court these were each
good defenses to the action, and the trial court properly

overruled demurrers to the pleas setting them up. *Steiner v. Tranum,* 98 Ala. 319; *Pioneer Savings & Loan Co. v. Thompson,* 115 Ala. 552.

Plaintiff's so-called special replication to defendant's 7th plea, in so far as it states any fact of legal importance, is a general replication merely, and plaintiff had the benefit of its material averments under the general issue. Hence she was not prejudiced by the action of the court in sustaining a demurrer to it as a special replication.

There is no bill of exceptions in the transcript, and, of course, we cannot review the court's conclusion on the facts.

Affirmed.