# Burton *v.* The State.

## *Indictment for Murder.*

1. *Murder; sufficiency of indictment.*—An indictment which charges "that before the finding of this indictment that Andrew Burton unlawfully and with malice aforethought killed William Richardson by shooting him with a pistol, against the peace and dignity of the State of Alabama," is sufficient, and not subject to demurrer.

2. *Evidence; admissibility of letter.*—A letter received through the mail, though purporting to be in response to one previously sent to the purported writer, who denies having written the letter, and denies the signature thereto as his, is not admissible against the purported writer without proof of its genuineness.

3. *Reasonable doubt; authorized acquittal must be in reference to an essential fact.*—A reasonable doubt of any material fact in a criminal case is not sufficient to authorize a conviction, but the reasonable doubt must be with reference to a fact essential to the establishment of defendant's guilt.

4. *Homicide; when self-defense cannot be invoked.*—On a trial under an indictment for murder, where the evidence introduced shows that the defendant was the aggressor in the difficulty, he cannot invoke the doctrine of self-defense.

APPEAL from the City Court of Anniston.

Tried before the Hon. THOS. W. COLEMAN, JR.

The indictment under which the defendant was convicted in the first degree and sentenced to be hanged,

was in the following words: ."The grand jury of said county charges that before the finding of this indictment that Andrew Burton unlawfully, and with malice aforethought, killed Will Richardson, alias William Richardson, by shooting him with a pistol, against the peace and dignity of the state of Alabama."

The defendant demurred to this indictment upon the grounds that it failed to allege the time when and the place where the homicide took place, and failed to allege that the defendant committed the crime within the jurisdiction of the city court of Anniston. This demurrer was overruled.

On the trial of the case the witnesses for the State testified that the defendant and William Richardson, the deceased, got into a quarrel by the defendant demanding of Richardson that he pay him 50 cents that he claimed Richardson owed him; that Richardson said he had paid him, but would pay him again, and thereupon handed him 50 cents; that the defendant then cursed him and told him he was a lie if he said he paid him, and pulled out his pistol and shot him, from the effects of which shot Richardson died the next day.

During the examination of one G. R. Wheaton, who was one of the witnesses for the State, and who had testified to the facts as above stated, he was shown a letter which was addressed to the father of the defendant, and asked if he (the witness) wrote said letter. The witness replied that he did not, and denied that the signature to the letter was his. The letter was signed "G. R. Wheaton," and was addressed to "L. P. Burton."

Defendant was a witness in his own behalf, testified that he did not shoot Richardson until the latter put his hand into his pocket, as if to draw his pistol. The defendant introduced his father L. P. Burton, as a witness, who testified to having received the letter addressed to him, which was signed "G. R. Wheaton," and in which the proposition was made that if he would send a certain amount of money to the writer, he could get a number of the witnesses against the defendant to leave the State. Upon the defendant's offer to introduce in evidence said letter for the purpose of impeaching the

witness Wheaton, the State objected upon the ground that it was not shown that Wheaton wrote the letter or was the author of the same. The court sustained the objection. To which ruling the defendant duly excepted.

The defendant requested the court to give to the jury each of the following written charges, and separately excepted to the court's refusal to give each of said charges as asked: (1.) . "The court charges the jury that if they have any reasonable doubt of material facts they must acquit." (2.) "Self-defense is simply the resistance of force, or seriously threatened force actually impending, by force sufficient to repel the danger and no more." (3.) "I charge you gentlemen of the jury that to justify the taking of life the danger need not be real, but it is sufficient if it appears to a reasonable mind to endanger life or limb."

No counsel marekd as appearing for appellant.

MASSEY WILSON, Attorney-General for the State, cited 29 Am. & Eng. Encyc. of Law, (1st ed.), 791; *Bondurant v. State*, 125 Ala. 31, 39; *Adams v. State*, 133 Ala. 166, 175.

SHARPE, J.—The indictment was in the Code form. It was not subject to the objections taken by demurrer and was sufficient.

Wheaton having testified that he did not write or sign the letter purporting to have been addressed by him to P. J. Burton and there having been a total lack of evidence to show this writing was a response to any letter sent to Wheaton or to otherwise prove its genuineness, the purported letter was not admissible for the purpose of impeaching Wheaton or for any purpose.—*O'Connor Mining Co. v. Dickson*, 112 Ala. 304; *Hightower v. Ogletree*, 114 Ala. 94.

A reasonable doubt of material facts, without regard to whether they were facts essential to the establishment of defendant's guilt, would not have required an acquit-

tal and the contrary of this was implied in the first refused charge.

Taken as a whole the evidence leads to the legal conclusion that defendant was the aggressor in the difficulty, and this being true the defendant was not entitled to invoke the doctrine of self-defense.—*Lewis v. State*, 51 Ala. 1; *Wills v. State*, 73 Ala. 362.

For this reason besides others that could well be based on faults inherent in the second and third refused charges the court was justified in refusing each of those charges.

We find no error in the record and, therefore, the judgment will be affirmed.

## Indictment for Murder.

